# WABASH RAILROAD COMPANY v. ORDELHEIDE, Appellant.

### In Banc, March 4, 1903.

1. **Common Carrier:** CONTRACT: CONSTITUTION. A contract of lease of certain parts of the right of way of a railroad track, to be used for the erection of buildings thereon, and having as consideration therefor an assumption by the lessee of all damage by fire, does not infringe on the Constitution.

2. **Pleading:** IMMATERIAL ISSUE: PROPERTY DESTROYED BY RAILROAD FIRE. What the law has made immaterial the plaintiff can not by inserting it in his petition make material. Where an action against a railroad company for loss of an iron safe and other property stored in an elevator located on the right of way, is based on the fact that the loss resulted from fire communicated by an engine in operation on the railroad, an allegation in the petition that the fire escaped because the engine was defective, or because the servants of the company in charge of the engine were negligent, is mere surplusage and tenders no triable issue, nor is a judgment based on such petition an adjudication that the company was guilty of negligence, but simply that the plaintiff's property was destroyed by fire communicated by a locomotive on defendant's railroad—which is all the statute requires him to show in order to recover.

3. **Railroad:** CONTRACTING AGAINST LOSS BY FIRE. A railroad company may by contract of lease indemnify itself against damages it may by statute be required to pay for loss of a safe and property deposited in an elevator built by a lessee of a part of its right of way, caused by fire communicated by its locomotive engines.

4. ———: CONTRACTING AGAINST LOSS DUE TO NEGLIGENCE. The rule of law which makes a common carrier liable to the passenger or shipper for its acts of negligence, anything in the contract for transportation notwithstanding, does not prevent it from taking insurance to indemnify itself against damages it may be required to pay a shipper or passenger on account of the negligence of its servants.

5. ———: ———: JURISDICTION OF PROBATE COURT. The probate court has jurisdiction to hear and determine a demand for money due a railroad company under a contract of lease made with defendant's testator, to indemnify the company against loss by fire on the property leased.

## Transferred from St. Louis Court of Appeals.

AFFIRMED.

*L. J. Dryden, H. W. Johnson* and *C. W. Wilson* for appellant.

(1) The contract between the railroad company and Ordelheide, upon which this suit is based, does not exempt the railroad company from liability for damages caused by its own negligence, and does not bind Ordelheide as an insurer of the company against dam-

ages caused to third parties by the negligence of the company, or for any other cause.     (2)   A contract will not be construed to exempt from liability for loss caused by misconduct or negligence unless there be an express stipulation to that effect.     The terms used must be such as to leave no doubt as to the understanding or intention of the parties.  Navigation Co. v. Bank, 47 U. S. 382; Maynard v. Railroad, 71 N. Y. 180; Black v. Transportation Co., 55 Wis. 322; 2 Beach on Contracts, pp. 1692-1693, sec. 1505; Wheeler's Modern Law of Carriers, p. 120; 2 Shearman and Redfield on Negligence, p. 505; Stemarg v. Railroad, 43 N. Y. 123; Magain v. Dinsmore, 56 N. Y. 168; Cendict v. Railroad, 54 N. Y. 500; Richardson v. Railroad, 62 Mo. App. 5; Ins. Co. v. Railroad, 74 Mo. App. 98.    (3)   The contract was only intended to exempt from the statutory liability that rested upon the railroad company as an insurer against fire.   The general language is to be construed so as to carry out the real purpose of the parties.   McManus v. Shoe and Clothing Co., 60 Mo. App. 218; Davis v. Hendrix, 59 Mo. App. 499; Leonard v. Railroad, 54 Mo. App. 301; R. S. 1889, sec. 1111. (4)  The contract must be construed strictly against. the party claiming exemption from a common-law liability.   Richardson v. Railroad, 62 Mo. App. 5.    (5) If it be held that the contract exempts from liability for loss caused by the negligence of the company, then it is void as against public policy.   9 Am. and Eng. Ency. of Law, p. 913, sec. 6; 16 Am. and Eng. Ency. of Law, p. 389; Cooley on Torts (2 Ed.), 687, 829; Johnson's Admr. v. Railroad, 86 Va. 975; Blanton v. Dold, 109 Mo. 75; Little v. Railroad, 127 Mo. 343; Levering v. Un. Trans. Co., 42 Mo. 92; Read v. Railroad, 60 Mo. 206; Ball v. Railroad, 83 Mo. 580; Witting v. Railroad, 101 Mo. 631; 9 Am. and Eng. Ency. of Law, pp. 880-881. (6)   Want of ordinary care is gross negligence, and gross negligence is a positive wrong.   McLean v. Rutherford, 8 Mo. 9; Gray v. Packet Co., 64 Mo. 47; Witting v. Railroad, 101 Mo. 640; Standard Milling Co. v. Transit Co., 122 Mo. 274.   (7)   There is now pend-

ing in the Supreme Court of Missouri another suit between the same parties involving the same subject-matter and the same issues that are involved in this action, to-wit, the cause of Alvina Ordelheide, administratrix of E. F. Ordelheide's Estate vs. The Wabash Railroad Company, the decision of which may determine the issues in this case. 80 Mo. App. 357. (8) The probate court of Warren county, in which said cause originated, and before which the same was tried, did not have jurisdiction to hear, try and determine said cause. The beginning, trial and determination of such causes by the Constitution and laws of the State belong to another jurisdiction and the plaintiff ought not and can not maintain this action. (9) The contract offered in evidence and made the basis of plaintiff's claim and upon which the court made its finding and judgment, is repugnant to the provisions of the Constitution and in violation of the laws thereof and against the rule of law laid down by the courts of the State; and said contract and finding and judgment of the court thereon, are against the public policy of the State as declared in the laws and decisions of the courts thereof, and is also against the general rule of public policy. (10) To allow the plaintiff to recover for injuries, the result of its own negligent, wrong or faulty conduct, is not only violative of the fundamental principles of law, as declared in the Constitution, the statute laws and the decision of the courts thereof, but also of the common law. (11) Statutes and contracts in derogation of common law or common right are strictly construed against the party claiming exemption from the common law or common right. Judson v. Smith, 104 Mo. 73; Bridge Co. v. Ring, 58 Mo. 494; Smith v. Haworth, 53 Mo. 89; State v. Clinton, 67 Mo. 380; State ex rel v. Fisher, 119 Mo. 351; Bank v. Haywood, 62 Mo. App. 555. (12) The rule has never been applied or upheld except in cases where the contract expressly or in specific terms stipulated against negligence. Griswold v. Railroad, 90 Iowa 267; Ins. Co. v. Railroad, 70 Fed. 202; Ins. Co. v. Railroad, 173 U. S. 91.

*Geo. S. Grover* for respondent.

·(1) The probate court had jurisdiction to hear and allow the claim and demand here sued on. R. S. 1899, sec. 192; Dodson v. Scroggs, 47 Mo. 285; Cones v. Ward, 47 Mo. 289; Grocer Co. v. Painter Est., 66 Mo. App. 481; Jamison v. Wickham, 67 Mo. App. 575; Cole Co. v. Dallmeyer, 101 Mo. 57. (2) The contract of insurance and indemnity upon which this ·claim and demand is based, is valid. Ordelheide v. Railroad, 80 Mo. App. 357; Rutherford v. Railroad, 147 Mo. 441; Railroad v. News Co., 151 Mo. 373; Gilleland v. Railroad, 19 Mo. App. 411; Ins. Co. v. Railroad, 74 Mo. App. 89; Russell v. Railroad, 61 N. E. 678; Griswold v. Railroad, 90 Iowa 265; Ins. Co. v. Railroad, 70 Fed. 201; Ins. Co. v. Mfg. Co., 60 Fed. 39; Ins. Co. v. Railroad, 12 A. & E. R. R. Corp. Cases, 564; Ins. Co. v. Railroad, 175 U. S. 91; 3 Elliott on Railroads, p. 1917. (3) ·As the judgment below was for less than four thousand five hundred dollars, and no constitutional question was acted upon finally in the trial court, the judgment of the St. Louis Court of Appeals is final and will not be disturbed here. Coleman v. Cole, 158 ·Mo. 259.

VALLIANT, J.—This is a demand presented to the probate court for allowance against the estate of defendant's testator. The claim grows out of the following circumstances:

Plaintiff railroad company in 1892 leased to the testator Ordelheide, in his lifetime, a portion of the land embraced in its right of way in its switch limits at its station at Wright City, on which to erect an elevator and warehouse in which to carry on a business for his own use and benefit.

Among other provisions in the lease was the following: "Witnesseth, that the party of the first part [the railroad company] for and in consideration of the sum of one dollar per annum, in advance to said party of the first part paid by said second party and upon

the express condition and stipulation that said second party shall assume all risk of fire from every cause, and shall hold and keep harmless said first party from any and all damage whatsoever, from fire or any other cause to any building or buildings that may be erected on the land herein leased or their appurtenances or contents, which guarantee enters into and forms part of the consideration that induces said first party to make this lease," etc. The lessee erected his warehouse and elevator as contemplated in the lease, and business was conducted therein until April 6, 1895, when the building and its contents were destroyed by fire communicated by a passing locomotive on plaintiff's railroad. There was in the building when it was destroyed an iron safe of the value of $400 which was destroyed in the fire and which belonged to a firm under the name of Ordelheide & Kamp of which plaintiff's testator was a member. There was also property stored in the building belonging to the firm of Strack & Astroth of the value of $820.25, which was likewise destroyed. Those two firms sued the railroad company for those losses and recovered judgments, Ordelheide & Kamp for $400, and Strack & Astroth for $820.25. The railroad company defended the suits, and when judgments were rendered against it in the circuit court, appealed to the St. Louis Court of Appeals, but both judgments were affirmed in that court. The plaintiffs in both those suits alleged for their cause of action, respectively, that the fire which destroyed the building was communicated by sparks which the railroad company negligently suffered to escape from a locomotive on its railroad.

Pending this litigation Ordelheide died and the defendant in this case qualified as executrix of his will. After those judgments were affirmed in the Court of Appeals the railroad company paid them both in full and then presented its claim for indemnity under the clause in the lease above quoted against the estate of Ordelheide, deceased. That is what this suit is about. The probate court allowed the claims and placed them

in the fifth class; the executrix appealed to the circuit court where trial was had and judgment was rendered for plaintiff for $1,230.25, from which judgment the executrix appealed to the St. Louis Court of Appeals and the cause was afterwards transferred to this court in obedience to a writ of mandamus, for the reason that a constitutional question was raised by the defendant's answer in the circuit court.

I. The answer sets up that the contract sued on is in violation of several provisions of our State Constitution which are specified in appellant's brief as follows:

That the railroad company by attempting to avoid liability for its own negligence violates section 14, article 12, which declares railroads to be public highways and railroad companies common carriers.

That the purport of the contract being to convert the right of way into a place for private business, it is in violation of section 20 of the Bill of Rights which declares that private property should not be taken for private use.

That it violates section 7, article 12, which forbids a corporation to engage in any business not authorized by its charter.

That it violates section 5, article 12, in that it attempts to abridge the police powers of the State.

As the learned counsel for appellant have merely stated these propositions in their brief and have not fortified them by any argument, we presume they have concluded that there is no force in them.

Without, therefore, entering into a discussion to which we are not invited by the brief of appellant, we will only say that we do not perceive any infringement of the Constitution in the contract sued on.

II. The defense in this case, according to the brief of appellant, really rests on two grounds, viz.: first, that the contract sued on was only intended to indemnify the plaintiff for damages that it might sustain in having to pay fire losses under the requirements of section 1111, Revised Statutes 1899; and, second, that

if it is construed to cover damages plaintiff is required to pay for fire losses caused by its own negligence, it is against public policy and therefore void.

It would be no defense to this action if appellant's first point should be conceded.

Section 1111, Revised Statutes 1899, is as follows: "Each railroad corporation owning or operating a railroad in this State shall be responsible in damages to every person and corporation whose property may be injured or destroyed by fire communicated directly or indirectly by locomotive engines in use upon the railroad owned or operated by such railroad corporation, and each such railroad corporation shall have an insurable interest in the property upon the route of the railroad owned or operated by it, and may procure insurance thereon in its own behalf for its protection against such damages."

That statute renders the railroad company liable when property is destroyed by fire communicated from a locomotive in operation on its road regardless of negligence. Where the action against the railroad company is based on the fact that the loss occurred by fire communicated by an engine in operation on the railroad, an allegation in the petition that the fire escaped because the engine was defective, or because the servants of the company in charge of it were negligent, is mere surplusage and tenders no triable issue. A judgment against a defendant on such a petition is not an adjudication that the defendant was guilty of negligence, but that the plaintiff's property was destroyed by fire communicated by a locomotive on defendant's road. The statute makes the railroad company an insurer of the property along its line against loss by fire so communicated, and as if in compensation to the railroad for this compulsory liability, the law gives it an insurable interest to that extent in all the property along its line. The law of negligence has nothing to do with a case under that statute. What the law has made immatertial, a party can not by inserting it in his pleading make material.

Under the contract sued on, the defendant's testator insured the plaintiff against the loss it might sustain on account of fire in that building; the statute gave the plaintiff an insurable interest in the building and the property in it to the extent of the plaintiff's liability under the statute; the loss was established in the most conclusive manner, and the plaintiff is entitled to recover.

But if we should admit the question of negligence as an issue in the case the defense has no foundation on that fact.

When we say that the law will not permit a common carrier to make a contract to relieve itself from liability for its own negligence we mean that it will not be allowed to do so in contravention of its duty as a common carrier.

As between the shipper or the passenger on the one side and the common carrier on the other, the latter is liable for its acts of negligence, anything in the contract for transportation to the contrary notwithstanding. But that rule of law, founded as it is on public policy, does not prevent a corporation engaged in the business of a common carrier from taking insurance to indemnify itself against damages it may be required to pay to the shipper or a passenger on account of the negligence of its servants.

This very point has been so recently decided by this court that it is unnecessary now to do more than refer to that decision. [Railroad v. Southern Ry. News Co., 151 Mo. 373.] In that case the plaintiff railroad company had taken a contract from the defendant news company for indemnity against damages the plaintiff might have to pay for injury through negligence of its servants to an agent of the news company traveling on the railroad. The same defense was urged there as here, that the contract was against public policy, but this court, per BRACE, J., after holding that the news agent was a passenger, said: "But the contract in question is not with a passenger, it is not with a person to whom the company owed a duty as a common carrier

of passengers, nor does it in terms, as it could not in effect, attempt to relieve the railroad company from any of its duties or liabilities as such. The contract is simply one of indemnity by which the news company agreed for a valuable consideration to indemnify the railroad company against loss which the latter might sustain by reason of the duty it would incur to the news agent as a common carrier of passengers, in carrying out the contract.'' Then follows a review of the latest and best authorities on the subject, sustaining that view of the law and showing that it applies not only to such contract affecting property in the hands of a railroad company for transportation, but passengers also. Therefore, if it should be conceded that the contract with the defendant's testator was one to indemnify the plaintiff against loss for having to pay damages because of the negligence of its servants in running its trains, still it is a valid contract and the plaintiff is entitled to recover.

III. It is averred in the answer that the probate court did not have jurisdiction of this case. As there is no argument made on that point in the brief for appellant we do not understand the ground on which the plea is founded. The claim is a plain demand for money due the plaintiff under a contract made by the testator in his life-time. There is no doubt of the jurisdiction of the probate court in such case. [Sec. 192, R. S. 1899.]

IV. It is stated in the briefs on both sides that there was a suit brought by Ordelheide in his lifetime against the railroad company for damages for the destruction of the building by fire and that that suit is now pending in this court on appeal, having been transferred here from the Court of Appeals. The judgment that may be rendered in that case, however, can have no influence in this case; it is a different cause of action, and although it is between the same parties, yet it involves a different subject-matter and the issues are not the same. Any discussion of that case would be out of place at this time.

There is no error in the record before us and the judgment is affirmed.   All concur.