JAMES QUIRK MILLING COMPANY v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY.[1]

May 4, 1906.

Nos. 14,639—(15).

**Railway—Elevator on Right of Way.**
    A railway company, being under no legal obligation to grant to any one the privilege of building an elevator upon its right of way, may, without violating any rule of public policy, grant the privilege by contract on condition that it shall not be responsible for damages caused by fires resulting from the operation of its engines.

Appeal by plaintiff from an order of the district court for Hennepin county, Brooks, J., sustaining a demurrer to the complaint. Affirmed.

*Wm. H. Hallam,* for appellant.
*John I. Dille,* for respondent.

ELLIOTT, J.

    The appellant under a contract with the railway company erected a grain elevator upon its right of way. The building was destroyed by

1Reported in 107 N. W. 742.

fire negligently scattered by the company's locomotives. The action was brought to recover the resulting damages, and the trial court sustained a demurrer to the complaint. The appeal is from this order.

The elevator was constructed under a contract between the parties which contained the following provision:

> In consideration of the rights hereby acquired the second party agrees * * * to protect, save harmless, and indemnify the railroad company, its successors and assigns, from liability to any person, corporation, or company, for or on account of any loss or damage by fire communicated by or escaping from any locomotive, engine, or car, or resulting in any manner from the construction or operation of said track.

The appellant contends that this contract is against public policy and therefore void. This involves the denial of the right of the parties to enter into such agreement. Public policy requires that the right to contract shall be preserved inviolate in ordinary cases. It is denied only when the particular contract violates some principle which is of even more importance to the general public.

As said by Sir George Jessel, M. R., in Printing & N. R. Co. v. Sampson, L. R. 19 Eq. 462, 465, 44 L. J. Ch. 705: "It must not be forgotten that you are not to extend arbitrarily those rules, which say that a given contract is void as being against public policy, because if there is one thing which more than another public policy requires it is that men of full age and competent understanding shall have the utmost liberty of contracting, and that their contracts when entered into freely and voluntarily shall be held sacred and shall be enforced by courts of justice. Therefore you have this paramount public policy to consider, that you are not lightly to interfere with this freedom of contract."

In Baltimore & Ohio S. W. Ry. Co. v. Voigt, 176 U. S. 498, 505, 20 Sup. Ct. 387, 44 L. Ed. 360, the court said: "It must not be forgotten that the right of private contract is no small part of the liberty of the citizen, and that the usual and most important function of courts of justice is rather to maintain and enforce contracts than to enable parties thereto to escape from their obligation on the pretext of public policy,

unless it clearly appear that they contravene public right or the public welfare." .

It follows that the party who asserts that a particular contract is against public policy has the burden of proving the same. Printing & N. R. Co. v. Sampson, supra; Rousillon v. Rousillon, 14 L. R. Ch. Div. 351; U. S. v. Trans-Missouri Freight Assn., 58. Fed. 58, 7 C. C. A. 15, 24 L. R. A. 73; Hartford Fire Ins. Co. v. Chicago, M. & St. P. Ry. Co., 70 Fed. 201, 17 C. C. A. 62, 30 L. R. A. 193; Stewart v. Erie & Western Transp. Co., 17 Minn. 348 (372).

The appellant assumes that there is a general rule of law which forbids a party to protect himself by contract against damages resulting from his own negligence. But this is true only when the contract protects him against the consequences of a breach of some duty which is imposed by law. Generally a person may waive the right of action which he has against another for an injury received from the negligence of the latter, provided the contract of waiver is supported by a consideration deemed valuable by law and procured without mistake or fraud, such as would avoid other contracts. 1 Thompson, Neg. § 182.

In Hartford Ins. Co. v. Chicago, M. & St. P. Ry. Co., 175 U. S. 91, 98, 20 Sup. Ct. 33, 36, 44 L. Ed. 84, Justice Gray, after stating the rule applicable to public carriers, said: "The plaintiffs further insisted that the same reasons apply universally and should be held to defeat all contracts by which a party undertakes to put another at the mercy of his own faulty conduct. But the only authorities cited which support this proposition are a general statement in Cooley on Torts, 387, and an obiter dictum in Johnson v. Richmond & Danville Railroad, 86 Va. 975, 978, 11 S. E. 829, and it is certainly too sweeping. Even a common carrier may obtain insurance against losses occasioned by the negligence of himself or of his servants, or may by stipulation with the owner of goods carried have the benefit of such insurance procured thereon by such owner." Minneapolis, St. P. & S. S. M. Ry. Co. v. Home Ins. Co., 64 Minn. 61, 69, 66 N. W. 132; Phœnix Ins. Co. v. Erie & Western Transportation Co., 117 U. S. 312, 6 Sup. Ct. 750, 29 L. Ed. 873; California Ins. Co. v. Union Compress Co., 133 U. S. 387, 10 Sup. Ct. 365, 33 L. Ed. 730; Wager v. Providence Ins. Co., 150 U. S. 99, 14 Sup. Ct. 55, 37 L. Ed. 1013.

The right to insure against loss by fire occasioned by the negligence of the insured is no longer questioned. Liverpool & Great Western Steam Co. v. Phœnix Ins. Co., 129 U. S. 438, 9 Sup. Ct. 469, 32 L. Ed. 788; Kerr, Ins. 375. A stronger illustration is found in the recognized business of insuring employers of labor against damages resulting from personal injuries occasioned by the negligence of the insured.

Exceptions to the general rule which protects the freedom of contract are made in some instances, especially such as involve the relation of master and servant and the transactions of railway companies when acting as public carriers of persons and property. Positive and peremptory duties are imposed upon public carriers. Public policy requires that contracts which relieve from these absolute duties shall be held null and void. The law imposes upon a railway company the absolute duty to operate its railways, to employ suitable men to operate them, and to exercise ordinary care to furnish them a reasonably safe place to work and with reasonably safe machinery and appliances with which to perform their work. The obligation is imposed by law, and does not arise out of contract. Any breach of this duty, therefore, is a violation of the law which imposes the duty. It follows that a contract which exempts the carrier from damages resulting from negligence in the discharge of these duties is void, because it relieves it of an absolute duty which the law imposes upon it, and because it unreasonably endangers the lives of employees and passengers.

The parties to such contracts do not stand upon an equal footing. The law imposes upon the company the absolute duty to accept passengers and freight when offered, and to carry the former with the utmost and the latter with ordinary care. The traveler is often obliged to travel and the shipper to send his goods by railway. A person cannot stop to settle the terms and to negotiate a contract every time he desires to use a railway. On the other hand, a railroad, with its trained employees and monopoly of transportation facilities, has the power to exact any contract it desires. This inequality in the situation of the parties would, if permitted, enable the company to obtain unfair contracts, and the fact that a contract which exempts the company from liability for negligence relieves it from an absolute duty imposed by law and increases the danger to the lives and property of

the people constitutes the reason for the rule that such contracts are against public policy. Hartford Fire Ins. Co. v. Chicago, M. & St. P. Ry. Co., 70 Fed. 201, 17 C. C. A. 62, 30 L. R. A. 193.

Entirely different conditions are presented by the case at bar. In making the lease in question the railway company was dealing with individuals in reference to the use of its property only remotely, if at all, connected with its business as a common carrier. No law imposed upon it the duty of leasing a portion of its right of way to the appellants. A railway holds its station grounds and right of way for the public use for which the company was incorporated, "yet as its private property, and to be occupied by itself or by others in the manner which it may consider best fitted to promote or not to interfere with the public use. It may in its discretion permit them to be occupied by others with structures convenient for the receiving and delivering of freight upon its railroad, so long as a free and safe passage is left for the carriage of freight and passengers." Hartford Fire Ins. Co. v. Chicago, M. & St. P. Ry. Co., 175 U. S. 92, 99, 20 Sup. Ct. 36, 44 L. Ed. 84; Grand Trunk R. Co. v. Richardson, 91 U. S. 454, 23 L. Ed. 356; Osgood v. Central, 77 Vt. 334, 60 Atl. 137, 70 L. R. A. 930. The laws of this state authorize the condemnation of a part of the right of way of a railway company for the erection of a public warehouse and elevator. Chapter 64, p. 177, Laws 1893; G. S. 1894, §§ 7724–7732; Rev. Laws 1905, §§ 2106–2113.

But the appellant did not resort to this procedure, which would have made its elevator a public enterprise and thus subject to public regulation. Stewart v. Great Northern Ry. Co., 65 Minn. 515, 68 N. W. 208, 33 L. R. A. 427. It chose rather to enter into a private contract with the railway company and to release it from liability for damages occasioned by fire which might escape from its engines. For this waiver of the right of action it must have received some benefit, which it deemed the equivalent of the right of action which it waived. The company was under no legal obligation to make the lease. It might leave the appellant to its right to proceed under the statute and accept the obligations arising out of the relation thus created. The company would not be liable for damages to property placed upon its right of way by strangers without its permission, caused by fires occasioned by its want of ordinary care. Having the right to refuse

to make the contract, it might stipulate for exemption from damages caused by its negligence in setting fire to the property which the lessee placed upon the leased premises. Placing the building upon the right of way was an inconvenience to the railway company and increased the danger of fire to its own property. In the absence of the stipulation in question, the risks and liabilities of the company would have been materially increased. As the contract in no way relieves the railway company from the discharge of any absolute duty which it owes to the public or to any citizen, it is not against public policy, and is therefore binding upon the parties.

The authorities, without exception, sustain this view. 3 Elliott, R. R. § 1236; Griswold v. Illinois, 90 Iowa, 265, 57 N. W. 843, 24 L. R. A. 647; Stephens v. Southern, 109 Cal. 86, 41 Pac. 783, 29 L. R. A. 751, 50 Am. St. 17; King v. Southern, 109 Cal. 96, 41 Pac. 786, 29 L. R. A. 755; Kansas v. Blaker, 68 Kan. 244, 75 Pac. 71, 64 L. R. A. 81, 1 Am. & Eng. Ann. Cas. 883; Greenwich v. Louisville, 112 Ky. 598, 66 S. W. 411, 67 S. W. 16, 56 L. R. A. 477, 99 Am. St. 313; Wabash v. Ordelheide, 172 Mo. 436, 72 S. W. 684; Hartford Fire Ins. Co. v. Chicago, M. & St. P. Ry. Co., 70 Fed. 201, 17 C. C. A. 62, 30 L. R. A. 193, same case on appeal 175 U. S. 91, 20 Sup. Ct. 33, 44 L. Ed. 84; Baltimore & Ohio S. W. Ry. Co. v. Voigt, 176 U. S. 498, 20 Sup. Ct. 385, 44 L. Ed. 560; Osgood v. Central, 77 Vt. 334, 60 Atl. 137, 70 L. R. A. 930; Richmond v. New York, 26 R. I. 225, 58 Atl. 767; Woodward v. Ft. Worth, 35 Tex. Civ. App. 14, 79 S. W. 896; Mann v. Pere Marquette, 135 Mich. 210, 97 N. W. 721. Cf. Quimby v. Boston, 150 Mass. 365, 23 N. E. 205, 5 L. R. A. 846; Russell v. Pittsburgh, 157 Ind. 305, 61 N. E. 678, 55 L. R. A. 253, 87 Am. St. 214; Texas & Pac. Ry. Co. v. Watson, 190 U. S. 287, 293, 23 Sup. Ct. 681, 47 L. Ed. 1057.

The order appealed from is affirmed.