HENRY H. TUTTLE COMPANY *vs.* JOSEPH B. PHIPPS.

Suffolk.    November 12, 1914. — December 29, 1914.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Landlord and Tenant.*

If a dealer in goods occupies a store and a part of the basement in a business build-
ing under a lease which contains a covenant that the lessee "will save the
lessor, his representatives, heirs and assigns, harmless and indemnified from
and against all loss, liability or expense arising from . . . or by reason of
anything connected with any . . . elevator, gas, water, steam, or other pipes,
or from the use or abuse of water, steam . . . or otherwise, . . . and in
general that it . . . will hold the lessor and his representatives, heirs and
assigns harmless and indemnified against any and all loss, liability, or expense
. . . in respect of loss, injury, or damage to any person or property during the
holding or occupation of the said lessee and its representatives and assigns,"
such lessee cannot hold the assignee of his lessor liable for damage to goods of
the lessee from water that in the summer time by reason of the negligence of an
engineer employed by the lessor's assignee was allowed to escape from the boiler
of a steam engine used in operating the elevator into the pipes connected with
the radiators in the building and thence through their open valves to the part of
the building occupied by the lessee. Following *Fera* v. *Child,* 115 Mass. 32.

TORT, by a corporation, which was a retail dealer in boots
and shoes and occupied a store and a part of the basement in the
building numbered 159 on Tremont Street in Boston under a lease
in writing from one James J. Grace, who was the lessee of the entire
building, against an assignee from Grace, who held all Grace's
rights and had assumed all his duties in the management of the
building, for damage to goods and other property of the plain-
tiff on August 6, 1911, by reason of the alleged negligence of an
engineer employed by the defendant in the care and manage-
ment of a steam engine and boiler in the basement of the build-
ing which were used in operating the elevator in the building
and also were connected with the radiators and pipes that were
used for heating the building in winter, whereby water was al-
lowed to escape through the boiler into the pipes connected with
the radiators in the upper part of the building and thence through
cocks and valves, which had been left open by other tenants,
down upon the portion of the building occupied by the plaintiff.
Writ dated September 8, 1911.

In the Superior Court the case was tried before *White*, J.
The covenants of the plaintiff as lessee contained in its lease
from Grace as lessor, which followed a provision for the payment
of $12,500 a year as rent, were as follows:

"And the said Lessee for itself and its representatives and as-
signs hereby covenants with the Lessor and his heirs, and as-
signs, that during said term, and during such further period as
it or any other person or persons claiming under it, shall hold the
said premises, or any part thereof, it, the said Lessee, and its rep-
resentatives and assigns, will keep, always at its own expense,
the entire demised premises, both inside and outside, including
the roof over store front, as well as the drains, pipes, faucets
water fixtures, gas and electric fixtures, electric wiring, window and
other glass belonging to the demised premises, but not omitting
other parts and appurtenances thereto belonging, although not
named, in good and proper order and repair, damage by fire, or
other unavoidable casualty only excepted, and will save the
Lessor, and his representatives, heirs and assigns, harmless and
indemnified from any payment or liability for loss or injury by
water, gas, electricity, or otherwise, to any merchandise, property
or person, in or on the demised premises, and that it, the said
Lessee, will save the Lessor, his representatives, heirs and assigns,
harmless and indemnified from and against all loss, liability or
expense arising from any accident to machinery, or by reason of
anything connected with any stairway, hatchway, elevator,
gas, water, steam, or other pipes, or from the use or abuse of
water, steam, gas, electricity, or otherwise, or by reason of the
accumulation of any snow or ice in the gutter or upon the roof
over the front or rear of the store, and belonging thereto, or upon
the sidewalks adjoining the same; and in general that it will
assume the entire care of and responsibility for the demised prem-
ises, including the sidewalks adjacent thereto, and will hold the
Lessor and his representatives, heirs and assigns harmless and
indemnified against any and all loss, liability, or expense in con-
nection with the said demised premises or sidewalks, or occasion
to the said Lessor in respect of loss, injury, or damage to any person
or property during the holding or occupation of the said Lessee
and its representatives and assigns. . . ."

At the close of the evidence the judge, being of the opinion

that the plaintiff was precluded from recovering by reason of the terms of the lease under which it occupied the premises, ordered a verdict for the defendant, and with the consent of both parties reported the case for determination by this court, upon the stipulation that, if the ordering of the verdict was right, judgment should be entered upon the verdict; and that, if it was wrong, and there was evidence upon which the plaintiff might have recovered, judgment should be entered for the plaintiff in the sum of $225 and costs.

*J. B. Studley,* (*J. J. Kaplan* with him,) for the plaintiff.

*U. D. Garfield,* for the defendant, was stopped by the court.

LORING, J. This case is concluded by the decision in *Fera* v. *Child,* 115 Mass. 32. No distinction should be made between the agreement in the lease in that case and that in the lease in the case at bar. That decision should not be overruled. The distinction between *Fera* v. *Child, ubi supra,* and *Smith* v. *Faxon,* 156 Mass. 589, is fully explained in the latter case.

*Judgment for the defendant.*