# MILLERS NATIONAL INSURANCE COMPANY `AND OTHERS v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY.[1]

January 28, 1916.

Nos. 19,379—(52).

**Covenant in lease — liability for loss from fire.**

1. A lease to an elevator company of lands belonging to a common carrier contained a covenant, which, it is claimed, relieved the carrier from liability for loss resulting from its own negligence in the performance of its duties as such common carrier, and that it consequently is void as against public policy. *Held*, that the covenant is independent of, and severable from, the other provisions of the contract, and conceding that it is void, it does not necessarily avoid the entire contract.

**Same — carrier's negligence not included.**

2. A common carrier demised a grain elevator and other property to an elevator company. The lease contained a provision that the carrier should not be liable to the elevator company for loss of grain caused by fire communicated from the elevator company's elevator or buildings to such grain while in the possession of the carrier within 100 feet of such elevator or buildings, even though a shipping receipt for the grain had been issued to the elevator company. *Held*, that this stipulation in the lease does not relieve the carrier from liability for loss resulting from its own negligence.

**Exclusion of evidence.**

3. The trial court's ruling in excluding certain evidence offered by defendant in support of its counterclaim, *held* not error.

Action in the district court for Hennepin county by three insurance companies to recover $1,034.25 for a carload of wheat destroyed under the circumstances mentioned in the opinion. The defense set up in the answer is stated in the opinion. The case was tried before Molyneaux, J., who made findings and ordered judgment in favor of plaintiffs for $148.73. Plaintiffs appealed from an order denying their motion for a new trial

[1] Reported in 156 N. W. 117.

and defendant appealed from an order denying its motion for a new trial. Affirmed.

*William Furst,* for plaintiffs.

*Norbert B. Tyrrell, George A. Kingsley* and *John L. Erdall,* for defendants.

SCHALLER, J.

The plaintiffs are insurance companies duly licensed to do business in the state of Minnesota. Defendant is a common carrier of freight by rail, doing business in Minnesota, North Dakota and other states, and operating a line of railway between the towns of Ryder and Valley City, North Dakota.

On February 20, 1911, the Occident Elevator Company delivered to the defendant at Ryder, one carload of wheat in good condition to be transported to Valley City. Defendant accepted the wheat and issued a bill of lading therefor, wherein it agreed to transport the grain from Ryder to Valley City. The value of the wheat was $931.75. It belonged to the Occident Elevator Company.

Early in the morning of February 21, while the carload of wheat was in defendant's possession on defendant's track near the Occident Elevator Company's elevator and after the bill of lading had been executed and delivered, a fire broke out in the Occident Elevator Company's elevator. The fire was communicated to the carload of wheat, injuring the car, destroying part of the wheat and damaging the rest.

The elevator and the track upon which the car was standing were situated on property leased by the Occident Elevator Company from the defendant. A written lease entered into between these parties was in force at the time of the fire.

On the twenty-eighth of February, 1911, without authority from the plaintiffs or the Occident Elevator Company, the defendant converted the damaged wheat to its own use and sold it for the sum of $148.73, which was the reasonable value thereof. The elevator company was insured in plaintiff companies, which paid to it the full value of the wheat. Thereupon the Occident Elevator Company assigned to the plaintiffs all its rights of action against the defendant, including its right of action for the conversion of the damaged wheat remaining in the car.

The plaintiffs brought this action against the defendant for the amount which they have paid to the elevator company, being the full value of the wheat destroyed and converted. The defendant sets up, among other defenses, the lease to the Occident Elevator Company which contains, among other provisions, a clause to the effect that:

"Tenth: The lessee (the elevator company) shall save the lessor (the railway company) harmless for all damage by fire to contents of cars loaded by lessee and within one hundred feet of the elevator, warehouse or other buildings of lessee, providing such fire originates in such building or buildings or originates elsewhere and is communicated through such buildings to cars notwithstanding the lessor may have issued a shipping receipt for their contents."

Defendant also sets up a counterclaim, alleging that the fire, negligently caused by the Occident Elevator Company, was communicated to defendant's car, damaging it to the amount of $300.

The case was tried to the court which made findings of fact substantially as above recited, ordered judgment against the defendant for the value of the damaged wheat, by it converted, with interest from February 28, 1911, and denied relief under the counterclaim. All of the parties to the action moved for a new trial and upon the denial of their motions, all appealed to this court.

1, 2. Plaintiffs seek to avoid the provisions of the lease between the Occident Elevator Company and the carrier on the ground that the lease itself is invalid because it relieves the carrier from the effects of its own negligence.

There seems to be no controversy between the parties about the law, which is conceded to be that a common carrier of goods cannot by special contract exempt itself from liability for loss resulting from its own negligence in the performance of its duties as such common carrier. It is contended, however, that paragraph "tenth," above quoted, and paragraph "fourth" avoid the contract because they violate this principle. Paragraph "fourth" reads as follows:

"Fourth: That the lessor shall not be liable or responsible for any loss or damage to the person or property of the lessee, or any other person, when upon said premises or when engaged in and about the business of said lessee at said station, whether arising from fire or otherwise or

whether caused by the negligence of the lessor, its officers, agents, servants or employees, or otherwise; whether occurring in the operation of the lessor's railway or in any other manner and lessee hereby agrees to, and hereby does, release and discharge the lessor from any and all liability or responsibility for any such loss, injury or damage and also covenants and agrees to indemnify, protect and save the lessor harmless and free of and from any and all claims, demands, suits or actions for any such loss, injury or damage."

Defendant argues that the foregoing is a valid stipulation because it limits liability for loss or damage to the person or to property in two cases only: (a) When on the demised premises; (b) when engaged in and about the business of said lessee at its said station. Defendant further argues that the contract is not made by it in its capacity of common carrier and that, therefore, it is not against public policy.

It is most strenuously contended that the two clauses are independent of each other; that both are severable from the other covenants of the lease and that, in any event, paragraph "tenth" is valid.

Conceding without deciding, and only for the purpose of this appeal, that paragraph "fourth" is invalid as against public policy, it does not necessarily follow that the lease is void. Paragraph "fourth" is independent of, and severable from, the other covenants of the lease. "It no more affects the validity of the * * * covenant to pay the rent, or the right to enforce the lease in an action at law, than would a covenant in a mortgage waiving the right of redemption render it void, or than would the waiver of exemptions in a promissory note prevent a recovery thereon." Start, C. J. in Cohen v. Conrad, 110 Minn. 207, 124 N. W. 992.

We have come to the conclusion that paragraph "tenth" of the lease is valid and binding on the parties. This covenant restricts the carrier's liability for loss or damage by fire only, and under certain conditions only. It nowhere expressly exempts the carrier from liability for its own negligence in performing its duties as a common carrier. Defendant's negligence was not the cause of the injury. The fire originated in the elevator and was thence communicated to the car on the siding. We have said that paragraph "tenth" does not covenant against loss from the negligence of the common carrier. It has, however, been held that a carrier may, under certain circumstances and in a restricted sense, law-

fully covenant against its own negligence. Quirk Milling Co. v. Minneapolis & St. L. R. Co. 98 Minn. 22, 107 N. W. 742; Cau v. Texas & Pacific Ry. Co. 194 U. S. 427, 24 Sup. Ct. 663, 48 L. ed. 1053.

3. The defendant assigns as error that the court ruled out certain evidence offered by it in support of its counterclaim. The offer of proof set out in detail every fact relied on by defendant to prove that the elevator company's negligence caused the fire. It would serve no useful purpose to set out the offer of proof. The court correctly held that it was insufficient to show that the fire was caused by the negligence of the elevator company.

The evidence in the record supports the findings of fact and conclusions of law.

Orders affirmed. ———————