NEW YORK CENTRAL RAILROAD COMPANY *vs.* WILLIAM
CULKEEN & SONS CO. & another.

Suffolk. November 22, 1923. — May 21, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Equity Jurisdiction*, For prevention of multiplicity of suits or circuity of
actions. *Contract*, Construction.

A railroad company made with a warehouse company a contract under
seal, relating to the operation by the railroad company of its cars and
engines over a somewhat elaborate system of side tracks belonging to
the warehouse company. The contract contained a covenant provid-
ing in substance that the warehouse company would indemnify and save
the railroad company harmless from any claim or expense arising
out of any damages to any property, real or personal, upon the side
tracks or the land of the warehouse company or upon any adjacent
land owned or occupied by the warehouse company " caused by fire,
whether communicated directly or indirectly by or from locomotive
engines on the road now operated by the Railroad Company or other-
wise." A corporation had property stored with the warehouse com-
pany as its customer under a lease which contained a covenant provid-
ing that the property so stored should be at the customer's sole risk
and hazard and that if the whole or any part of it were destroyed or
damaged by fire no part of such loss or damage should be charged to or
borne by the warehouse company " in any case whatever." Fire was
communicated from a locomotive engine of the railroad company to
the shed containing the property of the customer of the warehouse
company and caused damage. The customer brought an action against
the railroad company with a declaration containing two counts, one
based on G. L. c. 160, § 234, and the other alleging negligence of the
railroad company. The railroad company vouched the warehouse
company in to defend the action, but the warehouse company refused
to do so and denied any obligation in that regard. The railroad
company brought a bill in equity against both the customer of the
warehouse company and the warehouse company to enjoin the action
at law. There was no allegation to the effect that either the warehouse
company or its customer was financially irresponsible or unable to
meet obligations as and when they became due. Both defendants
demurred for want of equity. *Held*, that

(1) While the covenant of the warehouse company with the railroad
company did not in express words include communication of fire by
negligence of the railroad company, it was broad enough to include
damages which might be recovered under either or both counts in the
declaration in the action of the warehouse company's customer against
the railroad company;

(2) The operation of cars upon the side track system of the warehouse company by the railroad company was no part of its duty as a common carrier, and the covenant of the warehouse company was not invalid by reason of the fact that it purported to indemnify the railroad company against loss resulting from negligence on its part, but was valid and binding;

(3) There was not shown either any privity of contract or of estate between the railroad company and the customer of the warehouse company, or any financial irresponsibility on the part of either of the defendants, or any desire of the warehouse company to have the aid of equity to protect it against the hardship of the law: no allegation gave the plaintiff a standing in equity;

(4) The rights of the railroad company, with respect both to the warehouse company and to its customer, were amply protected by the action of the railroad company in vouching in the warehouse company to defend the action of the customer against the railroad company;

(5) The provisions of G. L. c. 214, § 3, cl. 3, had no relevancy under the allegations of the bill;

(6) The allegations of the bill set forth no reason for the application of the equitable doctrine of prevention of multiplicity of suits or of circuity of action;

(7) The bill should be dismissed.

BILL IN EQUITY, filed in the Superior Court on March 15, 1923, against William Culkeen & Sons Co., hereinafter called Culkeen, and National Dock & Storage Warehouse Company, hereinafter called the Warehouse Company, seeking to restrain the defendant Culkeen from prosecuting an action at law described in the opinion.

The defendants demurred for want of equity. The demurrers were heard by *McLaughlin*, J., and were sustained. By order of *Sanderson*, J., a final decree was entered dismissing the bill. The plaintiff appealed.

*W. L. Parsons*, for the plaintiff.

*R. Homans*, (*F. Adams* with him,) for National Dock & Storage Warehouse Company.

*M. L. Brown*, for William Culkeen & Sons Co.

RUGG, C.J. This is a suit in equity wherein the plaintiff seeks to restrain the defendant, William Culkeen & Sons Co. (hereinafter called Culkeen), from further prosecuting a pending action at law against the plaintiff. It is alleged in the bill that the plaintiff has been sued by Culkeen for causing loss by fire of Culkeen's personal property situated in a building let to Culkeen by the National Dock &

Storage Warehouse Company (hereinafter called the Warehouse Company), which is joined as a defendant.  The declaration in the action of Culkeen against the plaintiff contains two counts, one basing claim for loss under G. L. c. 160, § 234, on fire communicated from the plaintiff's locomotive engine, and the other on the negligence of the plaintiff in placing a car on fire on a siding adjacent to the building where was stored personal property of Culkeen, and thus causing it to burn.  The bill avers that the plaintiff is informed and believes that Culkeen has evidence in support of the allegations of each count in its declaration.  The facts alleged in the bill as foundation for equitable relief are that the property thus damaged by fire was in a shed occupied by Culkeen under a lease from the Warehouse Company which contained a covenant " that all merchandise furniture and property of every kind which may be on the premises during the continuation of this lease shall be at his [Culkeen's] sole risk and hazard and that if the whole or any part thereof shall be destroyed or damaged by fire . . . no part of said loss or damage shall be charged to or borne by the Lessor [Warehouse Company] in any case whatever; " that the side track adjacent to the shed thus leased to Culkeen by the Warehouse Company formed a part of a somewhat elaborate system of side tracks belonging to the Warehouse Company and serving premises occupied by it and its tenants, including Culkeen; that the plaintiff operates cars and engines over this system of side tracks under the provisions of a sealed instrument executed by the Warehouse Company under the description " grantor," wherein is a recital that it has requested the plaintiff, therein named " the Railroad Company," to operate the system of side tracks over its land, and wherein among others are these covenants: " The grantor further covenants that it will indemnify and save harmless the Railroad Company for and from any and all claims, suits, expenses and losses, which it may suffer or be subject to, arising from injury or damage to any property or injury to or death of any persons, caused wholly or in part by or in any way referable to the movement or operation for the grantor within, upon or across any public or private

way or travelled place of any engine, car or train on the said side tracks, or arising from derailments of rolling stock in the operation of said side tracks, excepting only such derailments as are caused solely by the negligence of the Railroad Company, its agents or servants. The grantor further covenants that the grantor will assume all responsibility for and will save harmless the Railroad Company and the Boston & Albany Railroad Company and its lessors, from any claim or expense arising out of any damage to any property, real or personal, upon said side tracks or said land of said grantor, or upon any adjacent land owned or occupied by said grantor or its lessees or licensees, other than the rolling stock of any railroad company or freight or merchandise therein not destined for or shipped by the grantor or its lessees or licensees, caused by fire, whether communicated directly or indirectly by or from locomotive engines on the road now operated by the Railroad Company or otherwise." It further is alleged in the bill that the plaintiff has vouched the Warehouse Company in under its covenant just quoted to defend the Culkeen action against the plaintiff, but that the Warehouse Company has refused to do so and denied any obligation in that regard.

The ground for equitable relief is alleged to be that, if Culkeen in its action against the plaintiff shall recover judgment, the plaintiff will bring action against the Warehouse Company on the said quoted covenant, and that the plaintiff believes that, on its recovery against the Warehouse Company on said covenant, the Warehouse Company will bring action against Culkeen for reimbursement for such judgment under the covenant in its lease to Culkeen and that the final result of permitting Culkeen to proceed with its action against the plaintiff will be three actions in which no one of the parties involved in the controversy will be benefited but all will be put to needless trouble and expense.

Each defendant demurred on the ground that the facts set forth in the bill do not entitle the plaintiff to relief in equity. The demurrers were sustained and a final decree entered dismissing the bill. The plaintiff's appeal requires determination of the questions of law thus raised.

The covenant by the Warehouse Company to indemnify the plaintiff is broad enough to include damages which may be recovered under either or both counts in the declaration of Culkeen against the plaintiff.   The operation of cars upon the side track system of the Warehouse Company by the plaintiff was no part of its duty as a common carrier. In undertaking that service under its contract with the Warehouse Company, it was acting in a private capacity. The covenant of exoneration of liability from fire is absolute and unequivocal in terms.   While it does not in express words include communication of fire by negligence of the plaintiff or its servants, by fair and necessary implication that kind of indemnity is within the scope of the covenant.   There is no absolute liability on the part of a railroad for the communication of fire except from its locomotives.   That liability is created by statute and has no relation to negligence.   *New England Box Co.* v. *New York Central & Hudson River Railroad,* 210 Mass. 465.   *Duggan* v. *Bay State Street Railway,* 230 Mass. 370, 382.   The covenant in the case at bar includes damage by fire directly or indirectly communicated by locomotive engines " or otherwise."   No fire communicated otherwise than from locomotive engines, for which the plaintiff would be liable, can readily be conceived except such as might arise from its negligence.   Moreover, the express exemption in the preceding covenant of indemnity by the Warehouse Company in the same instrument against damages arising from the plaintiff's negligence has a strong tendency to show that in the following covenants indemnity against damages arising from negligence was included. *Bates* v. *Old Colony Railroad,* 147 Mass. 255.   *Hosmer* v. *Old Colony Railroad,* 156 Mass. 506.   *Boston & Maine Railroad* v. *T. Stuart & Son Co.* 236 Mass. 98, 104.

The covenant thus construed is valid and binding.   It contravenes no rule of public policy.   *Porter* v. *New York, New Haven & Hartford Railroad,* 205 Mass. 590.   *Hartford Fire Ins. Co.* v. *Chicago, Milwaukee & St. Paul Railway,* 175 U. S. 91.   *Santa Fe, Prescott & Phœnix Railway* v. *Grant Brothers Construction Co.* 228 U. S. 177.   Such a covenant exonerating a railroad company from liability for its

negligence in operating cars over a private side track stands on a quite different footing from attempts by a common carrier by contract to relieve itself against liability for its negligence or that of its servants in the performance of its duties to the public. Contracts of the latter nature ordinarily are not enforcible because against public policy. *Doyle* v. *Fitchburg Railroad,* 166 Mass. 492. *Palmer* v. *Boston & Maine Railroad,* 227 Mass. 493. The great weight of authority supports the view that a covenant to indemnify the railroad against damages arising from fire communicated by it in side track agreement includes fires originating from negligence even though that word is not expressly used. *Wabash Railroad* v. *Ordelheide,* 172 Mo. 436. *Stephens* v. *Southern Pacific Co.* 109 Cal. 86. *Bartee Tie Co.* v. *Jackson,* 281 Ill. 452. *Rundell & Co.* v. *Lehigh Valley Railroad,* 254 Penn. St. 529. *Cincinnati, New Orleans, & Texas Pacific Railway* v. *Saulsbury,* 116 Tenn. 402. *Slocumb* v. *Raleigh, Charlotte & Southern Railroad,* 165 N. C. 338. *James Quirk Milling Co.* v. *Minneapolis & St. Louis Railroad,* 98 Minn. 22. *Woodward* v. *Fort Worth & Denver City Railway,* 35 Tex. Civ. App. 14.

This, however, is not enough to establish the plaintiff's right to prevail.

No direct interest by the plaintiff is shown by the allegations of the bill in the contractual obligations existing between Culkeen and the Warehouse Company. The plaintiff is not a party to the lease from the Warehouse Company to Culkeen. It is not the immediate beneficiary of any of the covenants of that lease. It is not named in that lease. Therefore, cases to the effect that under some circumstances such right or interest may be enforced in equity by one not a party to an instrument are not applicable. Hence decisions like *Wickwire Spencer Steel Corp.* v. *United Spring Co.* 247 Mass. 565, and other decisions there collected, are not relevant.

Although the plaintiff and Culkeen each has a contractual relation with the Warehouse Company, there is no privity of contract or estate between the plaintiff and Culkeen. Their rights with the Warehouse Company spring from

separate and distinct contracts and they have thereby nothing in common with each other. See *Spear* v. *H. V. Greene Co.* 246 Mass. 259.

There are no allegations in the bill to the effect that Culkeen or the Warehouse Company are financially irresponsible or unable to meet as and when they become due all their legal obligations. A different case would be presented if facts were set out tending to show that the Warehouse Company would not be able to indemnify the plaintiff according to its covenant against any claim or expense arising out of damage to property by fire. The case at bar is distinguishable in this particular from *Evans, Coleman & Evans, Ltd.* v. *Pistorino*, 245 Mass. 94, and *Wells Fargo & Co.* v. *Taylor*, 254 U. S. 175, where the law afforded no adequate relief and justice could be accomplished only through the interposition of equitable remedies.

The Warehouse Company, which is liable on its covenant to the plaintiff and which has a right of indemnity for any damage sustained on such covenant from Culkeen on the latter's covenant in the lease, is not seeking the aid of equity but is resisting it. In this particular also the case at bar is distinguishable from *Wells Fargo & Co.* v. *Taylor*, 254 U. S. 175. A different question would arise if the Warehouse Company under appropriate allegations were invoking the help of a court of equity to protect it against the hardships of the law.

The simple case is presented on this record where a defendant who is primarily liable to an action of tort has a claim for indemnity against a third person. The plaintiff by vouching in that third person to defend the pending action against it brought by Culkeen has laid complete foundation for binding that third person irrevocably by any judgment rendered against it without fraud or collusion in that action. The liability and damages of the present plaintiff as settled by the judgment in that pending action against it will not be open to question by the Warehouse Company in any subsequent litigation instituted by the present plaintiff against the Warehouse Company on the latter's covenant to indemnify it. *Boston* v. *Worthington*, 10 Gray, 496. *Cham-*

*berlain* v. *Preble,* 11 Allen, 370, 373.   *Merritt* v. *Morse,* 108 Mass. 270, 276.   *Consolidated Hand-Method Lasting Machine Co.* v. *Bradley,* 171 Mass. 127.   *Fitzgerald* v. *Heady,* 225 Mass. 75, 77.   *Rollins* v. *Bay View Auto Parts Co.* 239 Mass. 414, 422.   *Boston & Maine Railroad* v. *T. Stuart & Son Co.* 236 Mass. 98, 102, and cases there cited.

The provision of G. L. c. 214, § 3, cl. 3, authorizing a suit in equity where "three or more parties have distinct rights or interests which cannot be justly and definitely decided and adjusted in one action at law," has been said to be "manifestly designed to meet a case where a judgment between two parties would leave a controverted claim between one or the other of them with a third person not bound by the judgment." *Hale* v. *Cushman,* 6 Met. 425, 431. *Bassett* v. *Brown,* 100 Mass. 355.   *Carr* v. *Silloway,* 105 Mass. 543, 550.   That statute, giving it a broad interpretation, has no relevancy under the allegations of this bill. The rights of the plaintiff, both with respect to Culkeen and to the Warehouse Company, can be amply protected without resort to its provisions.

It follows from what has been said that the equitable doctrine of prevention of multiplicity of suits or circuity of action is not applicable to the facts here alleged.   That doctrine is recognized by this court in all its just amplitude. *Ballou* v. *Hopkinton,* 4 Gray, 324.   *Cadigan* v. *Brown,* 120 Mass. 493.   *Boston & Maine Railroad* v. *Sullivan,* 177 Mass. 230.   *Evans, Coleman & Evans, Ltd.* v. *Pistorino,* 245 Mass. 94.   It is not relevant to the averments of the present bill.

*Decree affirmed with costs.*