## JAMES E. WEIRICK v. HAMM REALTY COMPANY.[1]

December 13, 1929.

No. 27,586.

[1]Reported in 228 N. W. 175.

26

*Denegre, McDermott, Stearns, Stone & Mackey,* for appellant.
*Barrows & Stewart,* for respondent.

TAYLOR, C.

Plaintiff, a dentist, rented six rooms from defendant in an office building for use as an office, one of which was occupied by his assistant. Plaintiff requested defendant to redecorate the rooms, and defendant sent a painter in its employ to do the work. The painter painted the walls of some of the rooms, and on a day when plaintiff's assistant was absent painted the floor of his room. The paint used made the floor as slippery as a coating of grease. The painter left the room to get more paint. While he was absent plaintiff, who did not know that the floor had been painted, stepped into the room and slipped and fell, sustaining injuries for which the jury gave him a verdict. Defendant made a motion for judgment notwithstanding the verdict. The motion was denied and judgment entered. Defendant appealed therefrom.

The lease contains this provision:

"The Lessor shall not be liable for any loss of property by theft or burglary from said premises or building; nor for any accidental damage to person or property in or about said premises or building resulting from operating the elevators, or electric lighting, or water, rain or snow, which may come into or issue or flow from any part of said premises or building, or from the pipes, plumbing, wiring,

gas or sprinklers thereof, or that may be caused by the Lessor's employes or any other cause whatever and the Lessee hereby covenants and agrees to make no claim for any such loss or damage at any time."

The question presented is whether this stipulation in the lease relieves defendant from liability for the negligence of its employe in covering the floor with that kind of paint without notice to plaintiff, who was at work in an adjoining room, and without posting any warning signs.

Plaintiff claims that defendant in doing the redecorating was not within the protection of the provision above quoted for the reason that the contract did not require defendant to do such work. The contract did not require defendant to redecorate but gave it the right to do so; and it did the work, not of its own volition, but because requested by plaintiff. The fact that the doing of the work was not obligatory furnishes no sufficient reason for placing defendant outside the protection of the exempting provision while doing it.

Plaintiff insists that the exempting clause does not relieve from liability for negligence of the character alleged; that under the doctrine of ejusdem generis the clause exempting defendant from liability for the negligence of its employes applies only where the damage results from causes similar to those previously enumerated. We cannot sustain this contention. Under the common law defendant would not be liable for damage resulting from the causes enumerated unless such damage resulted in consequence of defendant's negligence; and the sole purpose of this provision was to relieve defendant from liability for negligence. It provides that, "the Lessor shall not be liable * * * for any accidental damage to person or property" resulting from the several causes enumerated, "or that may be caused by the Lessor's employes." It expressly exempts defendant from liability for accidental damage caused by defendant's employes; in other words, from liability for the negligence of such employes. We cannot hold that this provision applies only in those cases in which the damage results from

operating the elevators, or from the electric wiring, or from water, rain, or snow, or from the plumbing or similar things, without doing violence to the language used by the parties to express their meaning. This clause is not used as a catchall to cover matters that may have been omitted, which is deemed to be the purpose of those general terms to which the rule invoked is applied, but is used to specify a particular class of accidents for which the lessor is not to be liable.

Plaintiff relies mainly on the contention that the provision exempting defendant from liability for its own negligence is contrary to public policy and therefore void.

Public policy "requires that freedom of contract shall remain inviolate, except only in cases which contravene public right or the public welfare." Buck v. Walker, 115 Minn. 239, 244, 132 N. W. 205, 207, Ann. Cas. 1912D, 882.

"Public policy requires that the right to contract shall be preserved inviolate in ordinary cases. It is denied only when the particular contract violates some principle which is of even more importance to the general public." James Quirk Milling Co. v. M. & St. L. R. Co. 98 Minn. 22, 23, 107 N. W. 742, 116 A. S. R. 336.

"It must not be forgotten that the right of private contract is no small part of the liberty of the citizen, and that the usual and most important function of courts of justice is rather to maintain and enforce contracts, than to enable parties thereto to escape from their obligation on the pretext of public policy, unless it clearly appear that they contravene public right or the public welfare." B. & O. S. W. Ry. Co. v. Voight, 176 U. S. 498, 20 S. Ct. 385, 44 L. ed. 560.

The principle announced in the above cases is universally recognized; but there is some difference of opinion as to what contracts "contravene public right or the public welfare" and therefore are excepted from the protection of the rule. It is settled in this state in accordance with the great weight of authority that a party may contract against liability for his own negligence, except where the

contract would relieve him from liability for the consequences of a breach of some duty imposed by law. James Quirk Milling Co. v. M. & St. L. R. Co. 98 Minn. 22, 107 N. W. 742, 116 A. S. R. 336; Commercial Union Assur. Co. Ltd. v. Foley Brothers, 141 Minn. 258, 169 N. W. 793; Home Ins. Co. v. C. St. P. M. & O. Ry. Co. 146 Minn. 240, 178 N. W. 608; Millers Nat. Ins. Co. v. M. St. P. & S. S. M. Ry. Co. 132 Minn. 151, 156 N. W. 117; B. & O. S. W. Ry. Co. v. Voight, 176 U. S. 498, 20 S. Ct. 385, 44 L. ed. 560; Hartford Fire Ins. Co. v. C. M. & St. P. Ry. Co. 175 U. S. 91, 20 S. Ct. 33, 44 L. ed. 91; Southern Ry. Co. v. Stearns Bros (C. C. A.) 28 F. (2d) 560; Checkley v. Illinois Cent. R. Co. 257 Ill. 491, 100 N. E. 942, Ann. Cas. 1914A, 1202, 44 L.R.A.(N.S.) 1127, and note; Henry H. Tuttle Co. v. Phipps, 219 Mass. 474, 107 N. E. 354; Clarke v. Ames (Mass.) 165 N. E. 696; Niederhaus v. Jackson, 79 Ind. App. 551, 137 N. E. 623. The two cases first cited contain an extended review of the authorities and of the reasons for the rule adopted. In the Quirk Milling Co. case, 98 Minn. 22, 107 N. W. 742, 116 A. S. R. 336, the defendant had granted the plaintiff the privilege of erecting an elevator on its right of way but had stipulated against liability for fires set by its locomotives. The elevator was burned by a fire so set. The plaintiff urged that a party could not contract against damages caused by his own negligence. But the court said [98 Minn. 24]:

"This is true only when the contract protects him against the consequences of a breach of some duty which is imposed by law. Generally a person may waive the right of action which he has against another for an injury received from the negligence of the latter."

The court held that, while the defendant could not contract against liability for a breach of the duties which the law imposed upon it as a common carrier or for the protection of its employes, yet in making the contract in question it was dealing as an individual with another individual; that the liability contracted against did not arise from breach of a duty imposed by law; and that the contract was valid and binding. The Foley Brothers case, 141 Minn. 258, 169 N. W. 793, involved a provision in a lease ex-

empting a lessor from liability to the lessee, and the provision was held valid and binding.

A lease is a matter of private contract between the lessor and the lessee with which the general public is not concerned. And if the parties see fit to contract that the lessor shall not be liable for damages resulting from his negligence or the negligence of his employes, the law permits them to do so; and the courts must give effect to and enforce such contracts. See cases cited above.

It follows from the reasons above stated that plaintiff has no cause of action against defendant, and therefore that the judgment must be reversed and judgment rendered for defendant. It is so ordered.

