LORENZO D. RICHMOND *vs.* N. Y., N. H. & H. R. R. Co.

WASHINGTON—JUNE 14, 1904.

PRESENT: Stiness, C. J., Tilliinghast and Douglas, JJ.

(1)  *Contracts.   General and Particular Statements.*

An agreement in writing was entered into stipulating that defendant should build a spur track from the main line to plaintiff's land; that plaintiff should pay for its cost and should cover the roof and sides of the buildings which were or should be erected on his premises with non-combustible material, and that he would assume all risk of damage to said buildings and the contents by fire communicated from locomotives of defendant by sparks or otherwise, and waived and released defendant from all claims that might arise for such damages:—

*Held,* that the agreement covered fires communicated by defendant's locomotives on all tracks, and was not confined to those originating from the spur track.

*Held,* further, that the rule that a general statement following a particular statement must be construed to apply to the matters covered by the latter applied only where there was a preceding statement by which the subsequent provision might be qualified.   In the case at bar the clause in relation to the spur track was a contract on defendant's part standing by itself and importing no relation to the clause about fires, which was general.

(2)  *Construction of Contract.*

Where a contract is clear in its terms, the construction of it is for the court.

(3)  *Evidence.   Contracts.*

Testimony tending to show that an agent of defendant made representations by reason of which plaintiff signed an agreement, but making no reference to any false or fraudulent representations; is properly rejected.

DEBT under statute.   Heard on petition of plaintiff for new trial, and denied.

(1)    STINESS, C. J.   This suit was brought, under provisions of the defendant's charter, to recover damages for the destruction of the plaintiff's ice-house by fire started from sparks from a locomotive of the defendant.

The trial judge directed a verdict for the defendant, and the plaintiff petitions for a new trial.

The facts upon which the verdict was directed are these:

The plaintiff was the owner of an ice-house by the side of

the defendant's road-bed, and desired to have a spur track run from the main line onto his land. An agreement in writing was entered into between the parties, which stipulated that the defendant should build the track; that the plaintiff should pay for its cost; that he should cover the roof and sides of the buildings, which were or should be erected on his premises, with non-combustible material; that he "will assume all risk of damage to said buildings and the contents thereof by fire communicated from locomotives of the party of the first part" (the defendant) "by sparks or otherwise, and waives, and hereby releases the party of the first part from all claims that may arise for such damages and agrees to indemnify the said party of the first part and hold it harmless from or on account of any such claim that may be made by any insurer or any other person."

The plaintiff claimed that, as the subject-matter of the agreement was the spur track, the release applied only to fires from sparks from an engine on that track and not to sparks from engines on the main line, invoking the rule that a general statement following a particular statement must be construed to apply to the matters covered by the latter.

The trial judge ruled that, as the agreement covered fires communicated by the defendant's locomotives by sparks or otherwise, it covered all the tracks and was not confined to those originating from the spur track.

The rule relied on by the plaintiff is a familiar one, but we fail to see that it has application to this case. Its purpose is to guard against an undue extension of a statute or a contract, when certain things have been specified and then general terms have been used with the enumerated terms presumptively in mind and with the intention to cover things generally of that class. The rule applies only when there has been a preceding statement by which the subsequent provision may be qualified. Pott. Dwarris, 236; Suth. on Stat. Con. § 268; *Railton* v. *Taylor*, 20 R. I. 279. In this agreement there was no such preceding statement. No other mention is made of locomotives, fires, damages or claims, which are the elements of the clause in question and which the plaintiff seeks to qualify.

The preceding clause, to build a spur track at the plaintiff's expense, on his own land and for his own convenience, was a contract on the defendant's part standing by itself. It imports no relation to the clause about fires. The latter clause is general, and we see no limitation of it, either expressly or by natural or necessary implication.

On the contrary, we think the contract implies the exemption claimed by the defendant in the words, "all claims that may arise from such damages," which are words relating to cause of damage rather than to the location of such cause. Moreover, the indemnity extends to any "claim that may be made by any insurer, or any other person." This language is very comprehensive and presents no suggestion that it is to be limited to fires on the spur track. We can not conceive that it could have been in the minds of the parties thus to limit the operation of the contract, without some express words to that effect.

The cases relied on by the plaintiff present conditions radically different from the contract before us, because of the mention of a specified class, indicating the class afterwards referred to in general terms.

For example, in *Casher* v. *Holmes*, 2 B. & A. 592, where a statute imposed duties on brass, copper, pewter, tin, and other metals not enumerated, it would have been as unreasonable to hold that gold and silver, though metals, were intended to be included in that class of metals for levying duties as it would be to hold that diamonds and other precious stones were to be included in a class which mentioned only marble, granite, and other stones. Obviously, the metals and stones which might be included under a general description would not be regarded as in the same class as those particularly described.

If, in the present case, fires had been referred to generally, it would be proper to consider them to mean fires from causes like those mentioned; but it would be a great stretch of the rule of construction to limit this contract to fires from engines on the spur track, when there is nothing to show that it was intended to be so limited, except the mere fact that a spur track was to be built.

As the contract provided for the erection of new buildings, the defendant might naturally refuse to furnish facilities for such extension, increasing its risk of liability, unless it was exempted from such risk. This seems to us to be the most reasonable interpretation of the contract. The plaintiff's agreement to cover the buildings with non-combustible material was of advantage to the defendant for locomotives on its main line as well as on the spur track. This the plaintiff did not do. If he had done so the fire could not have occurred in the way here claimed. He is, therefore, suing for damages caused by the breach of his own agreement, the scope of which is broad enough to cover all tracks.

The construction of the contract was for the court, and we think the interpretation given was correct.

(2) As the contract was clear in its terms, there was no question for the jury, and the ruling of the court was right in refusing to submit the construction of the contract to the jury. *Wheeler v. Schroeder*, 4 R. I. 383.

(3) The plaintiff offered to show that an agent of the defendant made representations by reason of which the plaintiff signed the agreement. The questions proposed make no reference to any false or fraudulent representation; but they rather imply that the agent simply expressed his understanding of the agreement. The testimony was properly rejected. *Hassett v. Cooper*, 20 R. I. 585.

The verdict for the defendant was rightly directed, and the petition for a new trial is denied.

*Walter B. Vincent*, for plaintiff.

*David S. Baker and Lewis A. Waterman*, for defendant.