Summers, J.
'It is well settled in this state that a common carrier may not by contract exempt itself from its common law liability for its own negligence; but this rule applies only to its duties as a common carrier, and a stipulation in a lease, like that in the present case, exempting it from liability for loss by fire occasioned by its negligence, is not against public policy. This has been held in the following very carefully considered cases: Griswold v. Illinois Central Ry. Co., 90 Ia., 265; Stephens v. Southern Pacific R. R. Co., 109 Cal., 86; Greenwich Insurance Co. v. L. & N. R. R. Co., 112 Ky., 598; Hartford Fire Ins. Co. v. Chicago, M. & St. P. Ry. Co., 175 U. S., 91; Richmond v. New York, N. H. & H. R. R. Co., 58 A., 767.
Section 3365-5, Revised Statutes, is as follows: ‘ Every railroad company operating a railroad or any portion of a railroad wholly or partially within the state of Ohio, shall be liable for all loss or damage by fire originating upon the land belonging to such railroad company caused by operating such railroad. Such railroad company shall be further liable for all loss or damage by fires originating on lands adjacent to such railroad company’s land caused in whole or in part by sparks from an engine passing over the line of such railroad, to be recovered before any court of competent jurisdiction within the county in which the lands on which such loss or damage occur are situated, and the existence of such fires upon such railroad company’s lands *33 shall be prima facie evidence that such fire was caused by operating such railroad. ’ ’
Section 3365-6 is as follows: “That in all actions against any person or incorporated company for the recovery of damages on account of any injury to any property, whether real or personal, occasioned by fire communicated by any locomotive engine, while upon or passing along any railroad in this state, the fact that such fire was so communicated, shall be taken as prima facie evidence to charge with negligence the corporation, or person or persons who shall, at the time of such injury by fire, be in the use and occupation of such railroad, either as owners, lessees, or mortgagees, and also those who shall at such time have the care and management of such engine; and it shall not, in any case, be considered as negligence on the part of the owner or occupant of the property injured, that he has used the same in the manner, or permitted the same to be used or remained, had no railroad passed through or near the property so injured, except in cases of injury to personal property, which shall be at the time upon the property occupied by such railroad.”
These sections are sections one and two of an act entitled, “An act to make a railroad company liable for loss or damage by fires in certain cases and prescribing rules of evidence in certain cases,” passed April 26, 1894 (91 O. L., 187). This act has not been before us for interpretation, but similar legislation has existed in a number of states for many years. The occasion for it, and the history of it, is very fully set forth in the learned opinion of Mr. Justice Gray in St. Louis & San Francisco Ry. Co. v. Mathews, 165 U. S., 1. At common law a man was liable for an injury caused by a fire started upon his *34 own premises by himself or his servants or guests, unless.its spreading to a neighbor’s property was caused by a violent tempest or other inevitable accident which he could not have foreseen. In the earlier cases in England it was accordingly held that a railway company was liable for property destroyed by fire kindled by sparks from its engines independently of negligence. But later it was settled in Vaughan v. Taff Vale Ry. Co., 5 Hurl. & Nor., 679, that the use of the engine having been authorized by an act of parliament, the railroad company was not liable for such loss, unless it was occasioned by its negligence. In this country, in the absence of a statute, the decisions generally are to the same effect. But as early as 1837, Massachusetts provided by statute that a railroad company should be liable for such losses, “unless the said corporation shall show that they have used all due caution and diligence, and employed suitable expedients to prevent such injury. ’ ’ In the course of his opinion, Mr. Justice Gray says: “In Connecticut, before any legislation towards holding railroad corporations liable for property burned by sparks from their locomotive engines, they were held not to be so liable, if their use of such engines was with due care and skill, and in conformity with their charters. Burroughs v. Housatonic R. R. Co., 15 Conn., 124 (38 Am. Dec., 64). The subsequent legislation upon the subject and the reasons for it as stated by the supreme court of the state were as follows: experience demonstrated that in all cases of fire set by the operation of railroads it was extremely difficult, and in some cases impossible, to prove negligence even when it existed. This led to the passage in 1840, and to the re-enactment in 1875, of a statute provid *35 ing that, in all actions for an injury occasioned by fire communicated by any railway locomotive engine in the state, proof that such fire was so communicated should be prima facie evidence of negligence. Connecticut Stat. 1840, chap. 26; Conn. Gen. Stat. 1875, title 19, chap. 11, sec. 29. Even then, the difficulty was but partially removed, for in most cases the defendant could easily produce evidence of due care, and the plaintiff would be ill-prepared to meet it. Therefore, in 1881, the legislature took the broad, equitable ground that upon proof of the fact that the locomotive engine communicated fire to and destroyed property the company should be liable, independently of the question of negligence; and accordingly enacted another statute, in the words of the Massachusetts statute of 1840, before mentioned, imposing an absolute liability, qualified only by the insertion of the words, ‘without contributory neg-ligence on the part of the person or corporation entitled to the care and possession of the property injured.’ ”
We are not called upon in the present case to. interpret these sections of the statute, and what has been set out respecting the probable purpose of such legislation has been done in order that it may be seen that a stipulation such as was contained in the lease under consideration does not contravene the public policy of the state as evinced by this legislation. It was not necessary that the stove company in this matter should deal with the railroad company by locating its building upon the railroad company’s property. The transaction on its part with the railroad company was a matter of choice. The railroad company, had it owned the building, might have protected itself from loss by insurance, and no good *36 reason is apparent why it might not exonerate itself from liability when it licensed the stove company to erect a building on the premises. In Griswold v. Illinois Central Ry. Co., supra, it is expressly held that a similar stipulation does not contravene the statutes of Iowa making a common carrier liable for loss by fire.
It is clear, also, that the insurance company, by the articles of subrogation, could not take greater rights than those of the assured, (St. Louis, I. M. & S. Ry. Co. v. The Commercial I. & S. Co., 139 U. S., 223), so that the only question remaining is the interpretation of this stipulation of the lease.
The contention of counsel for plaintiffs is that inasmuch as the exemption is not of the entire building but only of any property or structure on the •demised premises it should be interpreted to exempt only so much of the building and contents as is on the right of way, and they put this case — Suppose there had been two buildings, one on the right of way and the other on the stove company’s land, so -close that the destruction of the one on the right of way lay fire would almost inevitably involve the other, would the court then say that that stipulation in the lease exonerated the defendant from liability for the loss by fire of the building on the stove company’s land; resulting from the burning, occasioned by the defendant’s negligence, of the building on its right of way? They say, certainly not, and their conclusion may be correct. We find it sustained by Railroad Co. v. Blaker, 68 Kan., 244.
It might be sufficient answer to say that the supposed case is not this case and that, under the circumstances stated, it is probable the exemption would have been from any loss by fire of the struc *37 ture and property on the right of way and by fire communicated from such fire.
The interpretation contended for is too narrow and is unreasonable. The lease undoubtedly is on. a form prepared for cases in which it was contemplated the insured structure would be entirely on the leased premises. The building was an entirety. The setting fire to that part of it on the right of way was the proximate cause of the entire loss. When that part of it was set on fire the probable consequence was that the entire structure would be a loss and to admit that the parties contemplated that the lessee might make the lessor liable for a big loss by erecting a building on the adjacent lands with a corner of it on the right of way, when the lessor stipulated for an exemption, would be to convict the defendant of the wisdom of an ostrich which imagines its whole body is hid when it sticks its head in the sand.

Judgment affirmed.

Shatjck’, C. J., Price, Crew, Spear and Davis, JJ.p concur.