### 7476 .

## MAYFIELD v. SOUTHERN RY.—CAROLINA DIVISION.

1. EVIDENCE—PAROL—PERSONAL PROPERTY—DEED.—It was error under the facts in this case to admit an oral statement by the husband that his interest in the machinery and buildings on the land of the wife, which he had claimed in the contract with defendant now in question, had been conveyed to her by deed and to give the contents thereof, as the writing was the best evidence and was important to the defense.

2. RAILROADS—SIDETRACKS—COMMUNICATED FIRES.—Under the contract here for the building of an industrial sidetrack, the railroad company is not liable for the loss of a building used in connection with the industry to be served and contents caused by fire communicated by an engine on the main line.

Before WATTS, J., Bamberg, March term, 1909. Reversed.

Action by Leda K. Mayfield against Southern Railway Co.—Carolina Division. From judgment for plaintiff, defendant appeals.

*Messrs. B. L. Abney, T. M. Raysor* and *J. F. Carter*, for appellant. *Messrs. Carter* and *Abney*, cite: *Adverse holding of right of way can only be proved by facts, not by conclusions:* 59 S. C., 162; 48 S. C., 472; 54 S. C., 405.

*Mr. H. C. Holman*, contra.

March 7, 1910. The opinion of the Court was delivered by

MR. JUSTICE WOODS The plaintiff, Leda K. Mayfield, recovered a judgment against the defendant, Southern Railway—Carolina Division, for loss by fire of a gin house, seed house and gins and other machinery, under the allegations of the complaint that the property was set on fire by sparks emitted from one of the defendant's engines. The excep-

tions are numerous, but it was admitted at the argument that only two errors are assigned, one in the admission of evidence and the other in the charge.

The main issues were: First, was the plaintiff the sole owner of the property or did she and her husband own it jointly; second, was the plaintiff bound by a written contract signed by S. G. Mayfield, her husband, and the defendant, which was set up in defense as a contract exempting the defendant from liability for fire; third, if the plaintiff was bound, was the contract effectual to defeat her recovery.

On the 10th of February, 1906, Leda K. Mayfield and S. G. Mayfield executed a deed conveying to the defendant a right of way for a spur track to be run from defendant's main line to the industrial plant, for the burning of which this suit was brought. The right of way conveyed is described in the deed as being over and upon the lands of the grantors; and the consideration expressed in the deed was "the advantage to be by them derived from the operation of the herein after described track." On the same day the husband, S. G. Mayfield, in his own name, made a contract with the railroad company for the construction of the industrial track, which provided, among other things, that the railroad company should "maintain and operate the same for the purpose of affording unto the party of the second part (S. G. Mayfield) facilities for the shipment of his freights over the lines of the railway company and its connections."

In addition to these recitals that the land belonged to Mr. and Mrs. Mayfield jointly, and that the industrial plant which was to be served by the spur track belonged to S. G. Mayfield, the documentary evidence as well as the testimony of Mr. Mayfield showed that the machinery had been bought by the husband and wife together. In these circumstances it was error to allow the witness, S. G. Mayfield, to testify that his interest in the property had been transferred to Mrs. Mayfield by deed executed in 1906. It is true, as said by the Circuit Judge,

that a writing is not necessary to pass the title to personal property, but when the parties to a sale of such property choose to put their contract in writing, that is the best evidence of its existence and of its terms. Had the witness said that he had sold the personal property to his wife without a writing, then by cross examination the test could have been applied as to whether the acts necessary to pass the title without writing had actually been done. But when the witness testified that there was a writing in existence, the writing took the place of any other method of making the transfer and spoke for itself; and the mere verbal statement of the witness as to its effect was inadmissible. The plaintiff and the witness on the 10th of February, 1906, had represented in their deed that the land belonged to both of them, and the witness had on the same day represented in his contract that the industrial plant belonged to him. It was therefore of primary importance to the defendant that the writing evidencing the acquisition of the entire title by Mrs. Mayfield should be produced, so that its terms and its date should appear. The terms of the paper and its date would have a very manifest bearing on the first two issues above stated, namely, whether the plaintiff was the sole owner of the property and entitled to recover for its full value, and whether she was bound by the contract of exemption signed by her husband. The verbal statement as to the transfer was clearly inadmissible for the additional reason that a large part of the property destroyed by the fire consisted of real estate which could not be conveyed by parol.

The next inquiry is whether the Circuit Judge erred in his construction of the clause providing for exemption from liability for destruction of the buildings used in connection with the business served by the industrial track and their contents.

The exemption clause is as follows: "That he (S. G. Mayfield) will indemnify and save harmless the railway.

company against all and any damage resulting from negligence of the party of the second part, his servants and employees, in and about said industrial track and the right of way therefor; and furthermore against any and all claims, demands, suits, judgments and sums of money accruing for loss or damage by fire communicated by locomotive engines or trains of the railway company to buildings used by the party of the second part in connection with the business served by said industrial track, or to the contents of such buildings, or to other property stored by or with the consent of the party of the second part, upon or near said industrial track. The railway company hereby stipulates for this protection as a condition of its agreement herein expressed, to afford the above described terminal services and facilities to the party of the second part elsewhere than at its regular station."

The validity of such contracts has been so completely established by an unbroken current of judicial authority that the familiar and convincing reasoning on the subject need not be again set out. In asserting their validity, Mr. Justice Jones for the Court tersely stated the argument and cited the authorities in *German-American Ins. Co.* v. *Southern Ry. Co.,* 77 S. C., 467, 58 S. E., 337. It makes no difference that the industrial plant to which the contract relates may be situated beyond the limits of the railroad right of way. The owner of the plant has no right and can acquire none except by contract to require the railroad company to build a spur track to his plant. *Mays* v. *Seaboard A. L. Ry. Co.,* 75 S. C., 455, 56 S. E., 30. It follows that as a condition of furnishing this convenience, the railroad company may exact any condition it sees fit not forbidden by public policy. As already pointed out, the condition that the railroad company shall be exempt from liability for loss of the plant by fire communicated by its locomotive engines is not forbidden by public policy; and therefore, this contract must be held valid without respect

to the location of the plant. The precise point was decided in accordance with this conclusion by the Supreme Court of Texas in *Mo. K. & T. Ry. Co.* v. *Carter,* 68 S. W., 159.

While not denying the validity of the contract the Circuit Judge limited its effect by charging: "That under that (agreement) even should you find that Mr. Mayfield was the agent of Mrs. Mayfield, and she is bound by his acts, yet, that would not prevent Mrs. Mayfield from recovering here against the railroad company, if this fire originated from its main line, or anywhere else other than on the side-track."

The exemption which the parties saw fit to express in their contract was "for loss or damage by fire communicated by locomotive engines or trains of the railway company to buildings, etc." It would have been difficult to use broader or more comprehensive language covering fires communicated by any locomotive or train, whether on the main track or on the spur track. The Court cannot insert in the contract restrictive words which the parties saw fit to omit, and unless such words be inserted, there is no escape from holding the exemption to embrace fires communicated by the defendant's locomotives wherever they may be. The Circuit Judge was, therefore, in error in charging the jury that the contract of exemption had no application to fires communicated by the defendant's locomotives while on its main track. The Supreme Court of Rhode Island reached the same conclusion as to a similar case in *Richmond* v. *N. Y. etc. Ry. Co.,* 26 R. I., 225, 58 Atl., 767.

In view of these conclusions it seems hardly probable that any question will arise on the next trial as to the limits of the right of way. However, it may be well to remark that the Court has laid down in *So. Ry. Co.* v. *Beaudrot,* 63 S. C., 266, 41 S. E., 299, and *So. Ry. Co.* v. *Gossett,* 79 S. C., 372, 60 S. E., 956, what is necessary to prove the legal right to hold any portion of a right of way by adverse possession.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed, and the cause remanded to that Court for a new trial.