ROBERT D. PORTER *vs.* NEW YORK, NEW HAVEN, AND
HARTFORD RAILROAD COMPANY.

Norfolk.    March 3, 1910. — May 18, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Contract,* Consideration, Validity.    *Duress.*

Where the owner of a coal business and his predecessor in title have enjoyed for
about twenty-nine years the use of certain side tracks, maintained and operated
for them by a certain railroad company and its predecessor and connecting with
its main lines, but there has been no contract or agreement as to the duration
of the privileges so enjoyed, and the railroad company threatens the coal dealer
that it will take out his switch and throw him out of business unless he will sign
a contract in writing providing that in consideration of the railroad company's
continuing to maintain and operate such side tracks, the coal dealer will assume
all risks to buildings owned by him by reason of fire communicated thereto by
locomotives of the company, and because of such threat the coal dealer signs the
contract " under protest," such a contract is supported by a good consideration
and is not invalid by reason of the threat of the company, and it therefore is a
bar to an action by the coal dealer against the railroad company for damages
resulting from the burning of coal sheds of the dealer caused by sparks com-
municated from a locomotive of the company.

TORT with a declaration containing eight counts, the first
six and the eighth counts seeking recovery for damage to wood,
timber and grass lands of the plaintiff and to.buildings thereon,
alleged to have been caused by fire communicated thereto at
various times in 1904 and 1905 from sparks from locomotive
engines of the defendant.    The seventh count sought recovery
for the burning on August 29, 1904, of certain coal sheds of the
plaintiff.    Writ dated December 22, 1906.

The case was tried before *Fox,* J.    By agreement of the
parties, judgment was entered for the plaintiff in the sum of
$125 without costs as to all but the seventh count.    As to that
count, it was agreed that the damage therein alleged came within
the terms of a contract, hereinafter described, and that the
plaintiff could not recover if that contract was valid.

By the contract referred to, the defendant had agreed in sub-
stance to maintain a side track running to the coal sheds of the
plaintiff " in consideration whereof " the plaintiff and his wife

had agreed, among other things, " to assume all risks to buildings and contents owned by them and located on said side track, by fire communicated by locomotives of the first party, by sparks or otherwise, and waives and hereby releases said party from all claims that may arise from such damages and agrees to indemnify it and hold it harmless from or on account of any claim that may be made from any insurer or other person on account of such damages."

The plaintiff testified that, previous to the making of the contract, he had enjoyed the same privileges which were his under the contract; that those same privileges had been enjoyed by his father from 1875 until his death in 1892, and since then by the plaintiff; that his father first had been given the privileges by the Old Colony Railroad Company as one of the inducements to cause him to change the location of his coal yard, other inducements being " lower freight, better service, prompt attention, and an annual pass was sent to father every year without saying a word. The railroad company furnished the foundation wall and put in the track. Everything was all put in free in that direction. That was the same track that is there now "; that another draft of the contract upon which the defendant relied had been presented to him which he had refused to sign. " Finally this one was presented, which I did sign. The station agent of the New York, New Haven, and Hartford Railroad Company at Stoughton brought the contract to me. Before I signed it I think the agent came two or three times, and he threatened me with taking out my switch and throwing me out of business. I signed it under protest."

The plaintiff contended that he had a right, gained by prescription, to the use of the track of the defendant, and therefore that there was no consideration for the contract; and also that the contract was procured to be signed by duress exerted upon the plaintiff by the defendant's agent.

The presiding judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*E. F. Leonard*, for the plaintiff.

*J. L. Hall*, for the defendant, was not called upon.

HAMMOND, J. These exceptions relate only to the seventh count. It is agreed that the verdict for the defendant on that

count was rightly ordered if the contract of July 28, 1897, between the parties was valid.

This contract is attacked upon the grounds of want of consideration, and of duress. Upon neither ground can the attack succeed. The defendant was under no obligation, either as a common carrier or by reason of any previous contracts, to continue either the maintenance or operation of the tracks in question, and its undertaking to continue such maintenance and operation was ample consideration for the undertakings on the part of the plaintiff. The defendant, having the right to discontinue the maintenance and operation, had the right to inform the plaintiff that unless he conformed to its terms it would be obliged to do so. The action of the defendant's station agent, even if correctly stated by the plaintiff, which the defendant does not admit, falls far short of duress.

*Exceptions overruled.*