# CHARLESTON

WEST VIRGINIA PULP AND PAPER CO. v. BALTIMORE AND OHIO RAILROAD CO.

Submitted January 19, 1915. Decided January 26, 1915.

1. RAILROADS—*Fires—Release—Construction.*

A clause in a contract between a railroad company and the owner

75 W. Va.

of land adjoining its right of way, providing for the construction of a spur or side-track, part thereof on the right of way and part on the adjacent land, for the mutual advantage of the parties, and, in consideration of the advantages and benefits to the latter, indemnifying, protecting and saving harmless the former against loss and damage or expense by fire to cars and contents standing on such siding, and releasing it, in general terms, from all claims of whatsoever character for damages resulting to the property of the latter, by reason of fire originating from the engines and locomotives of the railroad company, releases it from damages by fire from engines and locomotives on the main line of the railroad as well as those on the siding. (p. 551).

2.  SAME—*Fires—Release—Consideration.*

In as much as such a siding contemplates and induces storage or deposit of inflammable materials in dangerous proximity to the railroad, with the consent of the company, augments the danger of fire, increases the burden of care on the part of the company and affords ground for a claim of estoppel against its right to assert the defense of contributory negligence on the part of the depositor, such danger and provision against liability therefor logically arise in the course of the negotiation between the parties and constitute a part of the subject matter of the contract.   (p. 552).

Error to Circuit Court, Ohio County.

Action by the West Virginia Pulp & Paper Company against the Baltimore & Ohio Railroad Company.   Judgment for plaintiff, and defendant brings error.

*Reversed, and new trial granted.*

*J. W. Vandervort, W. W. Brannon, Russell & Russell,* and *Mollohan, McClintic & Mathews,* for plaintiff in error.

*Geo. E. Nelson, T. S. Riley, G. T. Knote,* and *J. B. Handlan,* for defendant in error.

POFFENBARGER, JUDGE:

By way of complete defense to this action for the burning of a large quantity of pulp wood, stored around a side-track, by the escape of fire from one of its engines passing on its main line, the defendant relied upon a release from damages to the property of the plaintiff by fire from its engines, contained in a written contract pertaining to the construction and maintenance of the side-track or spur, primarily for the benefit of the plaintiff.   But for such release, the evidence

is amply sufficient to sustain the verdict for $54314.17, but the trial court refused to allow the contract to be put in evidence, deeming the release applicable only to fires originating from engines on the side-track.

Admitting his construction of the contract did not conform to that given similar agreements passed upon in *Mayfield* v. *Southern Railway Co.*, 67 S. E. 132 and *Richmond* v. *N. Y. & H. Railroad Co.*, 58 Atl. 767, the learned trial judge suggests, in his written opinion, grounds for differentiation of the contracts, but we are unable to discover any. In the former case, the terms of the indemnity clause were narrower in their scope than those of the agreement under consideration here. They extended only to "loss or damage by fire communicated by the locomotive engines of trains of the railway company to buildings used by the party of the second part in connection with the business served by the said industrial track, or to the contents of such buildings, or to other property stored by or with the consent of the party of the second part upon or near said industrial track." Though the clause refered specifically to the industrial or side-track and made no mention of the main track, the court held it extended to fires originating from engines or trains on the main line. It is to be observed there was no express limitation or restriction as to the location of the engines or trains communicating the fires. In other words, the clause did not say loss or damages by fire from trains on the industrial track. The description or specification of engines and trains was general. The contract involved in the other case was more nearly like the one relied upon here, which although providing for the construction of a side-track, partly on the railroad right of way and partly on the plaintiff's land, closes with the following indemnity and release clause: "In further consideration of the advantages and benefits to accrue to said Second Party on account of the location and operation of said side track by the First Party, it is further agreed that the said Second Party will indemnify, protect and save harmless said First Party, against loss and damage or expense by fire to cars and contents standing upon said siding which have been placed there for use of said Second Party. And said Second Party hereby releases said First

75 W. Va.

Party from all claims of whatsoever character for damages resulting to the property of said Second Party by reason of fire originating from the engines and locomotives of the First Party and resulting in the burning or destruction of or injury to the property of the Second Party.''

Though these authorities and others somewhat similar are only persuasive in this court, they, in our opinion, properly apply the rules of construction. Side-tracks bring into close proximity to the railroad stores of combustible property which would not otherwise be there, and so greatly augment the risk of fire from passing engines and trains. Of course, the adjacent owner has the right to store property on his own land, but he would not do so, without a side-track, to the same extent to which he does it, when he has a side-track. If, without a side-track, he carelessly and negligently exposes his own property on his own premises to fire from escaping sparks from passing trains, he cannot recover. *Wilson Bros.* v. *Bush,* 70 W. Va. 26. Though it may be the duty of a railroad company to permit a large shipper to connect his spur-track with the road, a question we do not decide, still it is not bound to assent to the storage of large quantities of inflammable property dangerously close to its main line, and so estop itself from the defense of contributory negligence on the part of the depositor. According to some authorities, the assent of a railroad company, express or implied, to the placing of combustible matter on or near its right of way precludes the defense of contributory negligence, in an action for the burning of the property. *Pittsburg etc. R. Co.* v. *Noel,* 77 Ind. 110; *Pittsburgh etc R. Co.* v. *Nelson,* 51 Ind. 150; *Gulf etc R. Co.* v. *McLean,* 70 Tex. 646; *Missouri etc R. Co.* v. *Bartlett,* 69 Tex. 79; Elliott, Railroads, sec. 1236. The adjacent owner can put his place of storage at a safe distance from the main line. Assuming, therefore, that each party to the spur-track contract knew its legal rights, the danger of fire from passing engines on the main track naturally and inevitably came up in the negotiations. The spur-track thus clearly affected the general business of the railroad company and afforded both reason and consideration for a general indemnity and release as to property on and about the side-track. In a sense it is part of the subject matter.

Of course it would not extend to other property and the general terms of the clause here involved must be limited to property so deposited or stored. The property for the destruction of which this action was brought was stored within a few feet of the main line, and consisted of a vast quantity of corded wood.

This conclusion necessitates a new trial, and disposes of the only question seriously discussed, and we see no error in the other rulings of the court.

The judgment will be reversed, the verdict set aside and the case remanded for a new trial.

*Reversed, and new trial granted.*