### 9798

### SALLEY OIL MILL v. SOUTHERN RY.—CAROLINA DIVISION, *ET AL.*

1. RAILROADS—LESSOR OF RAILROAD—LIABILITY FOR FIRE.—Where the lessee of a railroad agreed to save the lessor harmless from liability for the lessee's acts, and plaintiff who secured from such lessee the right to use an industrial track agreed to save harmless and indemnify the lessee for all damages resulting from the negligence of the lessee, its employees and servants, plaintiff could not recover from lessor for fire set to plaintiff's oil plant served by said sidetrack where the engineer in charge of lessee's train was not guilty of wilful misconduct.

2. RAILROADS — LEASE — NEGLIGENCE OF LESSEE — LIABILITY OF LESSOR— "LESSOR"—"LESSEE"—"PRINCIPAL"—"AGENT."—A lessee of a railroad becomes the agent of the lessor in operating the railroad by virtue of his lease, the terms "lessor" and "lessee" being interchangeable with "principal" and "agent" in view of act Feb. 19, 1902 (23 St. at Large, p. 1152), imposing upon lessor responsibility for the acts of the lessee.

3. RAILROADS—FIRES—WILFULNESS—EVIDENCE—SUFFICIENCY.—That the engineer in charge of the train which set out the fire operated it in excess of the speed permitted by the town ordinance would constitute negligence *per se*, but not necessarily wilfulness.

Before MEMMINGER, J., October, 1916.    Affirmed.

Action by the Salley Oil Mill, in its own behalf and as trustee, etc., against the Southern Railway—Carolina Division, and another.  From an order overruling plaintiff's demurrer to defendants' answer, it appeals. ·

By the exemption clause in the industrial track agreement between the Southern Railway Company and the Salley Oil Mill, the latter agreed to "save harmless the railway company against any and all damages resulting from the negligence of the party of the second part, its servants and employees, in and about said industrial track and the right of way therefor, and furthermore against any and all claims, demands, suits, judgments and sums of money accruing for loss or damage by fire communicated by locomotive engines or trains of the Southern Railway Company to buildings used by the party of the second part in connection with the business served by said industrial track, or to the contents of such buildings, or to other property stored by or with the consent of the party of the second part upon or near said industrial track.  The railway company hereby stipulates for this protection as a condition of its agreement, herein expressed, to afford the above described terminal facilities and services to the party of the second part elsewhere than at its regular station."

*Messrs. Croft & Croft,* for appellant, cite : *As to contracts for exemption:* 77 S. C. 467; 75 S. C. 455; 85 S. C. 168, 103 S. C. 499.  *Construction of contract for exemption:* 11 A. & E. R. Cas. 576.  *Lessor and lessee:* 75 S. C. 162; 176 U. S. 518, 519; Civil Code, sec. 3542.  *Contract does not bar liability for wilful or wanton act:* 85 S. C. 168, 169; 103 S. C. 499; 9 Cyc. 462; 40 Am. Dec. 421.  *Construction*

*of contract:* 9 Cyc. 577, 591. *Strictly construed:* 22 Cyc. 84, 85; 19 Am. St. Rep. 681; 24 N. Y. 206; 7 S. C. 183.

*Messrs. Hendersons,* for respondent, cite: *As to .cause cf action:* 41 S. C. 285. *Validity of indemnity contracts:* 77 S. C. 470; 85 S. C. 165; 103 S. C. 498. *Lessor and lessec:* 84 S. C. 190; 75 S. C. 169; 73 S. C. 574; 28 S. C. 401. *Indemnity contract with lessee inures to benefit of lessor:* 43 S. C. L. 258; 84 S. C. 191; 82 S. C. 522; 106 S. C. 20; 104 S. C. 266; 89 S. C. 408. *Doctrine of circuity of actions:* 83 Am. St. Rep. 750.

September 3, 1917.              . .

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an action for damages for loss of appellant's oil plant and property at Salley, S. C. The property was destroyed by fire emitted from a locomotive on main line of the Southern Railway Company, lessee of the Carolina Division. The action is brought against the lessor instead of against the lessee, the Southern Railway Company.

The first cause of action seeks to recover damages under the statute as to communicated fires, and was abandoned at the hearing. The second cause of action is based on negligence, wilfulness, and wantonness. When the complaint was served the respondents interposed the defense of a general denial as to both causes of action, and in its second defense to both causes of action sets up as a bar to appellant's recovery an exemption clause in the industrial track agreement made between Southern Railway Company and Salley Oil Mill in 1904. To this answer the Salley Oil Mill demurred as to the sufficiency of the second defense, and when the cause was heard before his Honor, Judge Memminger, in October, 1916, his Honor overruled and

refused to sustain the demurrer in each and every point raised therein. Plaintiff appealed, and by three exceptions alleges error.

The main three grounds of error are: (1) That his Honor erred in refusing the demurrer because the idemnity contract set up in paragraph 1 of the second defense cannot be pleaded as a defense or bar to the action against Southern Railway—Carolina Division, for the reasons stated in the exceptions. (2) Because the lease between the Southern Railway Company and the Southern Railway—Carolina Division, which seeks to relieve and hold harmless Southern Railway—Carolina Division, lessor, from liability on account of acts committed by Southern Railway Company, is no defense or bar to an action by third parties against Southern Railway—Carolina Division. (3) Because said lease between Southern Railway Company and Southern Railway—Carolina Division, made pursuant to statute, is no defense or bar to this action, for the reason that the Salley Oil Mill was not a party to said lease, and had no notice or knowledge, either actual or constructive, that an indemnity contract was incorporated into said lease; the Salley Oil Mill not being a subsequent creditor or purchaser, and there being no provision in law for giving or promulgating constructive notice of an instrument containing an indemnification contract, whether it be denominated a lease or otherwise. These exceptions cannot be sustained, as the validity of such contracts have been sustained by this Court in the cases of *Insurance Co. v. Railroad*, 77 S. C. 470, 58 S. E. 337, 12 Ann. Cas. 495; *Mayfield v. Sou. Railway*, 85 S. C. 165, 67 S. E. 132, and *Batesburg Cotton Oil Co. v. Railway*, 103 S. C. 498, 88 S. E. 360, although in this last case the question of wilfulness was not passed upon by this Court. The appellants admit that the lessee, the Southern Railway Company, is not liable; the lessee, the Southern Railway Company, is the agent of the lessor, the defendants-respondents, the Carolina Division.

The lessee becomes the agent of the lessor by virtue of the lease in operating the railroad. *Harmon v. Railway,* 28 S. C. 401, 5 S. E. 835, 13 Am. St. Rep. 686; *Smalley v. Railway,* 73 S. C. 574, 53 S. E. 1000, 6 Ann. Cas. 868; *Reed v. Railway,* 75 S. C. 162, 55 S. E. 218; *Roolard v. Railway,* 84 S. C. 190, 65 S. E. 1047, 27 L. R. A. (N. S.) 435, 137 Am. St. Rep. 839. Under these decisions it is the settled law of this State that the terms "lessor" and "lessee" are interchangeable with "principal" and "agent;" that both the principal and agent, both lessor and lessee, are responsible in damages for any cause of action arising out of the operation of the railroad. The Merger Act (23 Statutes S. C. 1152) imposes upon the lessor the same liability that the law imposed upon it the responsibility for the acts of the lessee. The case of *Reed v. Railway,* 75 S. C. 162, 55 S. E. 218, shows that this statute was considered as being tantamount to the common law and declaratory thereof.

We do not think that the allegations in the complaint for wilfulness are sufficient to hold the contract inapplicable and to nullify and set it aside. The only allegation and contention of wilfulness is based on the allegation that the engineer in charge of the train which set out the fire operated it at an excessive rate of speed in going through the town of Salley in the nighttime in violation of the ordinance of the town. This would be negligence *per se,* but not necessarily wilfulness. This allegation of wilfulness does not appeal to us to such an extent for us to overrule the well considered cases of this Court declaring what the law is in reference to the contracts entered into between railroads and parties desiring the private industrial sidetrack in reference to the indemnity contracts entered into between them.

In this case the agreement between the parties is full and comprehensive, and is a complete bar to the recovery by the plaintiff for the alleged damage the contract indemnifies the

railroad "against any and all such claims, demands, suits, judgments and any sum of money accruing for loss or damage by fire." This language is an absolute bar to recovery.

The exceptions are overruled. Judgment affirmed.