10865

OLIVER v. DAVIS, AGENT

(111 S. E. 791.)

APPEAL AND ERROR—STATEMENTS OF TRIAL JUDGE AS TO INSTRUCTION ACCEPTED.—Where there is a conflict between the Circuit Judge and the stenographer as to the exact language of the charge, the statement of the trial Judge will prevail.

Before BowMAN, J., Orangeburg, June, 1921.    Affirmed.

Action by Bertha I. Oliver against James C. Davis as agent under Section 206 of the Transportation Act of 1920, (41 Stat., 461.)  Judgment for plaintiff and defendant appeals.

*Messrs. Lyles & Lyles* and *Moss & Lide*, for appellants, cite: *No evidence of actual damages to the extent of* $25,000, *and verdict is contrary to the charge, which is a uqestion of law*: 16 S. C., 14; 89 S. C., 535. *Verdict so excessive as to compel the inference that it is the result of caprice or other improper consideration*: 81 S. C., 1; 96 S. C., 267; 114 S. C., 264; 17 C. J., 574; 75 S. C., 104. *Error to charge presumption of negligence from injury to passenger*: 85 S. C., 216.

*Messrs. J. H. Hydrick, A. J. Hydrick, E. C. Mann and W. C. Wolfe,* for respondent, cite: *New trial discretionary*: 94 S. C., 224. *Court will not reverse judgment on account of excessive damages*: 78 S. C., 552; 78 S. C., 562; 88 S. C., 87; 103 S. C., 117; 96 S. C., 267; 98 S. C., 62. *No motion for directed verdict, and motion for new trial properly denied*: 105 S. C., 42; 110 S. C., 315. *Presumption of negligence in injury to passenger*: 83 S. C., 53; 97 S. C., 151. *Injury in a wreck is injury by agency or instrumentality of carrier*: 97 S. C., 151. *Preponderance of testimony is for the jury*: 100 S. C., 33. *Portion of charge complained of was correct statement of law*: 83 S. C., 55.

April 11, 1922.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for damages for personal injuries to a passenger. There are only two questions in the case, and the consideration of them does not require a statement of the facts.

I. When there in a conflict between the Circuit Judge and the stenographer as to the exact language of the charge, must this Court accept the statement of the trial Judge or the stenographer? The answer is that the statement of the trial Judge shall prevail. It is not clear that there is a conflict in this case. The question is decided against the appellant.

II. Was the verdict excessive? This Court cannot say it was so excessive as to warrant setting aside a judgment based upon it. This question is decided against the appellant.

The judgment appealed from is affirmed.