## 11071

### WILLIAMS v. HINES, DIRECTOR GENERAL

#### (121 S. E., 600)

RAILROADS—INDEMNITY AGREEMENT HELD TO PREVENT RECOVERY FOR LOSS OF WAREHOUSE BY FIRE.—Where, at plaintiff's request, a railroad company had constructed a sidetrack for him under a contract containing a provision that plaintiff would indemnify the railroad

against any claim of loss by fire communicated by locomotives in connection with the business served by the sidetrack, *held*, that plaintiff cannot recover for such a loss of his warehouse situated near the sidetrack.

Before PEURIFOY, J., Orangeburg, March, 1920. Affirmed.

Action by B. B. Williams against Walker D. Hines, Director General. From a judgment entered upon a directed verdict in favor of defendant, plaintiff appeals.

The contract referred to in the opinion was in part as follows:

"That the railway, at the request of the shipper, has agreed to construct a 90-foot extension to the existing spur track located between Denmark and Hix, South Carolina. Said spur track connects with the main track of the railway at a point 22 feet northwardly from mile post 236 from Jacksonville, Fla. The 90-foot extension referred to is more fully shown in red on blueprint attached hereto as a part hereof, which track the railway has also agreed to operate on the terms hereinafter expressed.

"Now, therefore, for and in consideration of the sum of one dollar ($1.00) each to the other paid by the parties hereto, and in further consideration of the premises and the mutual advantages to accrue to the parties hereto, it is covenanted and agreed by and between said parties as follows:

"1. That the shipper hereby licenses and consents to the construction, maintenance and operation of said track, and to the possession and use, as a right of way therefor, of a strip of land ———· (———) feet in width, being ——— (———) feet on each side of the center of said track upon which said track is located, for and during such time as the railway may desire to maintain and use said track, and that such land may, at all times, be entered upon for the purpose of constructing, operating, repairing or maintaining the same, it being further understood and agreed that in the event

any portion of said track is to be located upon property not owned by the shipper, the latter will secure, and simultaneously with the execution and delivery of this agreement, deliver to the railway license and consent, in form satisfactory to counsel for the railway, from the owner or owners of such property, to such use and occupation thereof for the portion of said track to be located thereon, as is herein granted by the shipper in respect of land owned by him and also occupied in the construction of said track. It is understood and agreed that the right and license contemplated hereunder is to be given free of cost to the railway.
* * *

"7. It is understood and agreed that, in the construction, operation, repair, alteration or maintenance of said track, the right of way therefor, or of any building, structure, equipment or work of whatsoever nature connected in any manner therewith, the said shipper will indemnify and save harmless the said railway against any and all loss or damage to any person or any property when such loss or damage shall have been caused, directly or indirectly, or shall have been contributed to, by the acts, defaults or negligence of the shipper, or any agent, employee or representative in the service or under the control of said shipper.

"8. The shipper will indemnify and save harmless the railway against any and all claims, demands, suits, judgments and sums of money accruing for loss or damage by fire communicated negligently or otherwise by locomotives, engines or trains of the railway to buildings used by the shipper in connection with the business served by said side track or to the contents of such buildings, or to other property stored by or with the consent of the shipper upon or near said side track. The railway hereby stipulates for this protection as a condition of its agreement, herein expressed, to furnish the above described services and facilities to the shipper elsewhere than at its regular station."

*Messrs. M. L. Smith* and *Wolfe & Berry,* for appellant, cite: *Contract of indemnification valid:* 85 S. C., 168. *Indemnification ends when property ceases to be used for purposes covered by contract:* 99 S. C., 499.

*Messrs. J. B. S. Lyles* and *Robert Lide,* for respondent, cites: *Exceptions too general:* 114 S. C., 254; 95 S. C., 382. *Validity of contract:* 77 S. C., 467; 85 S. C., 165; 103 S. C., 494; 108 S. C., 131; 81 S. C., 10. *Construction of contract—"stored":* 74 Ga., 404, *"near":* 55 S. E., 877; Words and Phrases, Vol. 3, 2d Series, 530; 89 S. C.; 117; 99 N. W., 721. *Order of settlement:* 110 S. E., 804; 111 S. E., 791.

December 29, 1922.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

"The appellant, B. B. Williams, in his complaint in this action alleges that his warehouse situate on or near the railroad siding of the Seaboard at Creco, Orangeburg County, together with the contents thereof, was destroyed by fire communicated thereto by the Seaboard Air Line Railway then being operated by the Director General of Railroads. The respondent by his answer denies that the fire was communicated by the railroad to such property, and, further, that, even if such property was destroyed by fire so communicated, yet the appellant herein could not recover damages therefor, because he had executed and delivered to the Seaboard a contract of indemnification which covered and extended to the buliding and property destroyed. The issues being duly framed, the case came to be tried before Hon. Jas. E. Peurifoy, trial Judge, with a jury, at the March, 1920, term of the Common Pleas for Orangeburg County. At the conclusion of the testimony the respondent submitted a motion to direct a verdict in favor of the defendant. After hearing argument the presiding Judge directed a verdict in favor of the defendant; and within due

season the plaintiff gave notice of intention to appeal from the judgment entered thereon to the Supreme Court."

The exceptions, five in number, impute error on the part of his Honor in directing a verdict for the defendant, and in not refusing the motion for a directed verdict, and error in the construction of the contract between the parties. It seems from the testimony that the appellant used the 90 feet provided for in the contract and 80 feet additional north of the 90 feet. These exceptions are overruled; the purpose of the contract was to exempt the railroad from liability as to any increased hazard of fire caused by any property placed within the fire zone by plaintiff as a consequence of his use of this side track. The evidence shows that the warehouse and contents were such property; they were within the letter and spirit of the contract.

The plaintiff in making the contract had the benefits and should also bear the burden provided for in the contract. His Honor placed the right construction on the contract under the cases of *Mayfield v. Ry.,* 85 S. C., 165; 67 S. E., 132. *Batesburg Oil Co. v. Ry.,* 103 S. C., 494; 88 S. E., 360. *Salley Oil Mill v. Ry.,* 108 S. C., 131; 93 S. E., 336.

Exceptions are made to the order of Judge Peurifoy settling the case for appeal. These exceptions are overruled, under the authorities of *Southern Pine Lumber Co. v. Martin,* 118 S. C., 319; 110 S. E., 804. *Oliver v. Davis,* 118 S. C., 437; 111 S. E., 791.

All exceptions are overruled, and judgment affirmed.

MESSRS. JUSTICES FRASER, COTHRAN and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.