BATES COAL MINING & MERCANTILE COMPANY, RESPONDENTS, v. MISSOURI PACIFIC RAILROAD COMPANY, APPELLANT.*

Kansas City Court of Appeals.  June 27, 1927.

---

*Corpus Juris-Cyc. References: Appeal and Error, 4CJ, section 2550, p. 658, n. 44; Contracts, 13CJ, section 516, p. 545, n. 46; Railroads, 33Cyc, p. 643, n. 70.

*H. E. Sheppard* for respondent.

*James F. Green, D. C. Chastain* and *W. M. Bowker* for appellant.

WILLIAMS, C.—This cause is appealed from the circuit court of Bates county, Missouri.

The cause of action stated is that the Missouri Pacific Railroad Company carelessly and negligently switched a large box car over the private switch of plaintiff, and carelessly and negligently ran said box car into the "tipple" and loading chute of the plaintiff.

The answer after denying generally, alleged that in 1913 a side-track was constructed at the request and for the benefit of the plaintiff; that a contract was entered into under the terms of which

plaintiff should not locate at a distance nearer than six feet from the nearest rail track of the Railroad Company, any building, etc., except a platform for loading purposes which should not be less than four feet, six inches from the track; and that the plaintiff should not erect or permit any improvements or structure above said track at a height of less than twenty-two feet above the top of the rails of the track.

The answer then alleges a violation of the contract, in that plaintiff's structure was damaged by reason of being constructed at a less distance from the track than that provided in the contract.

Defendant further alleged that the contract provided that defendant should not be liable for any fire communicated to plaintiff's property, and further provided: "Said second party further agrees to release, and does hereby release the said railway company from any and all liability for damages for any injuries which may occur or be done to the property of said second party by the said railroad company while operating locomotives and cars upon said track."

The answer then pleads that if plaintiff's property was damaged, the defendant is released by the said contract by indemnity.

Reply in the form of a general denial was filed.

The case was tried before the court without the aid of a jury. The facts show that the defendant had erected for the convenience of plaintiff a spur track; that the contract mentioned in the pleadings was executed at the time this track was put in; that there had been some correspondence between plaintiff and defendant showing that both knew that the clearance of this "tipple" was not according to contract; that defendant in switching for its own convenience, switched a large furniture car on to the side track, the car striking the tipple and injuring it. No point is made as to the amount of damages.

No instructions were asked except the defendant at the close of the whole case requested the court to give a peremptory instruction. This the court declined to do and rendered judgment for the plaintiff in the sum of $500.

After an unsuccessful motion for a new trial defendant brings the case here on appeal.

In cases thus tried, the rule as said in Sutter v. Raeder, 149 Mo. 297, 1. c. 307, should be applied. That rule is as follows: "This being an action at law and no instructions having been asked, refused or given, except the demurrer to the evidence, there is no question open here for review except errors apparent upon the face of the record proper, and the question whether under the issues the plaintiff made out a prima-facie case."

The appellant relies for reversal on the provisions of the contract.

A contract very similar to this was before the court in Wabash Railroad Co. v. Ordelheide, 172 Mo. 436. This case was certified to the court, in Banc, and it was there held that the contract was one

of indemnity against loss arising from fire set out by the engines of defendant, and it was not against public policy to allow the railroad to make such a contract with plaintiff. A similar contract was sustained in Rutherford v. Railroad, 147 Mo. 441. Both of the above cases were cited with approval in Ordelheide v. Wabash Railroad Company, 175 Mo. 337. The respondent attempts to distinguish between the cases so cited and the case at bar by reason of the fact that in Ordelheide v. Wabash Railroad Co., the question arose as to the property destroyed by fire, and contends that by reason of the fact that fire cases do not stand on the same basis as other cases, the same rule does not apply.

The principle upon which the cases rest is expressed in Insurance Co. v. Railroad, 74 Mo. App. 89, and approved by the Supreme Court in Ordelheide v. Wabash Railroad Co., supra, l. c. 345, where the court says: "The elevator and warehouse and the property in it bore the same relation to the carrying business of the defendant that the store and contents of any merchant or commission man would bear to it. Neither the lease nor the relation of the property to the defendant arose out of the discharge of any duty imposed upon it by its position as a common carrier or by its character of a *quasi*-public corporation. The fact that defendant is a common carrier has no place in this case."

Applying this principle to the case at bar, we do not see any distinction between the principle in Ordelheide v. Wabash R. R. Co., supra, and the case at bar.

In the case of Ordelheide v. Wabash R. R. Co., supra, the ground upon which the injured property was placed, belonged to the Railway Company. In the case at bar the property destroyed was not upon the railway right of way. We have examined those cases where the railway built a switch to property off its right of way and find the law as follows: Supreme Court of Texas in the case of Missouri, Kansas & Texas Railway Co. of Texas v. Carter et al., 68 S. W. 159, l. c. 165, in discussing a contract whereby a sidetrack was built and maintained for the convenience of a saw mill owner, and in the contract the company was released from damages for the injuring or killing of any stock or cattle or injury or destruction of property by fire, the court said: "This contract does not provide that the appellees may carry on business upon the right of way, but has in view the establishment of a convenience by which the appellee would be enabled to use their adjacent property to advantage, and also to enable them to ship lumber manufactured at that point over the said railroad to other points in the State. We can see no reason why the contract in this case should be forbidden that does not apply with equal force to the cases cited."

The Supreme Court of the State of South Carolina in Mayfield v. Southern Ry. Co., Carolina Division, 67 S. E. 132, l. c. 133, in hold-

ing the provisions of a contract exempting a railroad company from liability for loss or damage by fire communicated by defendant's locomotives as valid. It appears in this case that the property served by the sidetrack was not on the railroad right of way. The court says: ". . . and therefore this contract must be held valid without respect to the location of the plant. The precise point was decided in accordance with this conclusion by the Supreme Court of Texas in M. K. & T. Ry. Co. v. Carter, 95 Tex. 461, 68 S. W. 159."

The Supreme Court of Appeals of West Virginia in West Virginia Pulp & Paper Co. v. Baltimore & Ohio R. Co., 84 S. E. 334, having before it a contract providing for the construction of a sidetrack, partly upon the right of way and partly upon the adjacent land, and exempting the railroad company from loss or damage by fire, hold that the release covers fire from engines on the main lines as well as on the sidetrack and as in line with the other cases cited.

To the same effect is Keystone Mfg. Co. v. Hines, 102 S. E. 106.

The Supreme Court of the State of Illinois in Bartec Tie Co. v. Jackson, 117 N. E. 1007, l. c. 1009, upheld a contract releasing the railroad company for damages by fire "near, or by the premises aforesaid, whether said damage occurs on the premises hereby leased or on premises adjacent thereto." The point is made that the company was acting as a public warehouseman, and therefore liable. The court however state: "The use must concern the public as distinguished from an individual or a particular number of individuals. [State Public Utilities Com. v. Noble Telephone Co., 268 Ill. 411, 109 N. E. 298, Ann. Cas. 1916D, 897.]" The court in this case upheld the provisions in the lease.

The Supreme Judicial Court of Massachusetts in Porter v. New York, N. H. & H. R. Co., 91 N. E. 875, had before it a suit to recover for burning of plaintiff's coal shed by sparks from defendant's locomotive. The agreement which was relied on by defendant was one whereby the railroad agreed to maintain and operate a sidetrack running to plaintiff's coal shed. Plaintiff agreed to assume all risks on the buildings owned by him and erected on the sidetrack, from fire communicated by defendant's locomotive. The court said: "The defendant was under no obligation, either as a common carrier or by reason of any prior contracts, to continue either the maintenance or operation of the tracks in question, and its undertaking to continue such maintenance and operation was ample consideration for the undertakings on the part of the plaintiff. The defendant, having the right to discontinue the maintenance and operation, had the right to inform the plaintiff that unless he conformed to its terms it would be obliged to do so."

The Supreme Court of the State of South Carolina in the case of Williams v. Hines, 121 S. E. 600, l. c. 601, discussed a case where a plaintiff requested a railroad to construct a sidetrack to his warehouse,

situate on or near the railroad site. The railroad did construct the sidetrack upon the agreement that plaintiff would indemnify the railroad against loss by fire. The court upheld the contract saying: "The plaintiff in making the contract had the benefits and should also bear the burden provided for in the contract. His honor placed the right construction on the contract under the cases of Mayfield v. Railway, 85 S. C. 165, 67 S. E. 132; Batesburg Oil Co. v. Railway, 103 S. C. 494, 88 S. E. 360; Salley Oil Mill v. Railway, 108 S. C. 131, 93 S. E. 336."

The Supreme Court of the State of Michigan in an exhaustive opinion in Mann et al. v. Pere Marquette R. Co., 97 N. W. 721, l. c. 724, discusses contracts of this character and holds that when the railroad builds a sidetrack for the shippers' convenience, it is not acting as a common carrier. The court said: "The only purpose of such a contract was to avoid the consequences of its own negligence, and to avoid lawsuits growing out of alleged negligent acts. It had a perfect right, both in reason and authority, to contract against such liability. This is well settled both by our own decisions and those of other jurisdictions. [Coup v. W., St. L. & P. Ry. Co., 56 Mich. 111, 22 N. W. 215, 56 Am. Rep. 374; M. S. & N. I. R. Co. v. McDonough, 21 Mich. 165, 193, 4 Am. Rep. 466.] In the latter case, speaking through Justice CHRISTIANCY, the court said: 'Having the right to refuse altogether, they must have the right to refuse except upon just such terms and conditions as they saw fit to require.' The late case of Russell v. Pittsburg, etc., R. Co., 157 Ind. 305, 316, 61 N. E. 678, 55 L. R. A. 253, 87 Am. St. Rep. 214, is directly in point."

In Rhode Island, the Supreme Court in the case of Lorenzo D. Richmond v. N. Y., N. H. & H. R. R. Co., 26 R. I. 225, the syllabus is as follows:

"An agreement in writing was entered into stipulating that defendant should build a spur track from the main line to plaintiff's land; that plaintiff should pay for its costs and should cover the roof and sides of the buildings which were or should be erected on his premises with non-combustible material, and that he would assume all risk of damage to said buildings and the contents by fire communicated from locomotives of defendant by sparks or otherwise, and waived and released defendant from all claims that might arise for such damages: *Held*, that the agreement covered fires communicated by defendant's locomotives on all tracks, and was not confined to those originating from the spur track."

The Supreme Court of Iowa in Griswold et al. v. Illinois Cent. R. Co., 24 L. R. A. 647, upheld a contract very similar to the one in the case at bar.

The respondent makes the point that the cause of indemnity is ambiguous and therefore should be construed more strongly against the party making the contract, which in this case is the defendant.

In support of that contention, Grossenbacker v. Daley, 287 S. W. 281, is cited. We agree with the principle in the case cited. However, we see nothing ambiguous in the contract, the provision of which is set out in the statement of fact.

Under this record if there is any way in which we can affirm the judgment, it is our duty to do so.

The point is made that defendant cannot willfully destroy plaintiff's property in spite of the contract. There is no allegation in the petition that justifies such a finding. We think the judgment should be reversed. It is so ordered. *Frank, C.,* concurs.

PER CURIAM:—The foregoing opinion by WILLIAMS, C., is adopted as the opinion of the court. *Bland* and *Arnold, JJ.,* concur; *Trimble, P. J.,* absent.